# IN THE COURT OF APPEALS OF IOWA

No. 13-0810
Filed May 14, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WALTER SCOTT SUTTON,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Madison County, David L. Christensen, Judge.

A defendant raises challenges to the factual basis supporting and voluntariness of his guilty plea. **AFFIRMED.**

Unes J. Booth of Booth Law Firm, Osceola, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, and Michelle Rivera, County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**MULLINS, J.**

Walter Sutton appeals his conviction for public intoxication asserting his written guilty plea was invalid and his counsel was ineffective in failing to file a motion in arrest of judgment based on the lack of a factual basis for his plea and the court's failure to ensure he understood the nature of the charge. Because we find a factual basis to support the guilty plea and that the written record established Sutton understood the nature of the charge, we affirm his conviction.

**I. Background Facts and Proceedings.**

An Osceola police officer was dispatched to an apartment building on a complaint that a person threw a microwave oven from the top floor of the building. A witness identified Walter Sutton as the offender, stated he had a bottle containing alcohol, and said he consumed the beverage as he came down the stairs. The officer spoke to Sutton, who emitted a strong odor of alcohol, and arrested him for public intoxication. He subsequently found two hydrocodone pills in Sutton's pocket.

Sutton filed a written guilty plea to the aggravated misdemeanor crime of public intoxication, third or subsequent offense, on January 22, 2013. *See* Iowa Code §§ 123.46, 123.91(2) (2011). In the written plea, Sutton stated, "I did appear in [a] public area and I was intoxicated with being convicted at least twice before of same crime." The court noted the entry of a written guilty plea the same day, ordered a presentence investigation report, and set sentencing for March 14, 2013. The sentencing hearing was continued until May 9, 2013, at which time the court entered judgment on the guilty plea. At the sentencing hearing the court had available the presentence investigation report in which the

defendant provided a written statement of his "side of the story of how this crime happened." Sutton wrote:

> I was at a friend's apartment uptown drinking with him. He and his wife started arguing and she locked me out of the apartment and I wasn't able to call my wife for a ride. I went outside, saw a green Cadillac that I thought belonged to my son. I got into the passenger side and realized it wasn't my son's car. I got back out and sat down on the steps to figure out how I would get home. A police officer arrived and stated there was a complaint about me getting into the car, which belonged to someone she knew. I was then arrested for being intoxicated.

The district court sentenced Sutton to two years in prison, suspended the fine, and ordered Sutton to pay restitution for attorney fees and the law enforcement surcharge. Sutton appeals.

## II. Guilty Plea.

Sutton contends his attorney was ineffective in failing to file a motion in arrest of judgment to challenge the factual basis and voluntariness of his plea. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). To prevail, Sutton must prove his attorney breached an essential duty and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**A. Factual Basis.** We begin with Sutton's claim the plea lacked a factual basis. We find the record adequate to address this claim. *See State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011) (noting the applicable standard of review).

Generally, a factual basis may be discerned from "(1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence

report,[1] and (4) [review of the] minutes of evidence." *State v. Ortiz,* 789 N.W.2d 761, 768 (Iowa 2010). He concedes his written guilty plea included an admission that he was "intoxicated" but contends "there is no indication in this admission that he understood that the intoxication had to be the result of the consumption of alcohol and not the result of drugs or a combination of alcohol and drugs."

Sutton's understanding of intoxication makes little difference in the factual basis analysis because the focus is on an objective reading of the record rather than on Sutton's subjective state of mind. The supreme court in *State v. Finney,* 834 N.W.2d 46, 62 (Iowa 2013), stated when a challenge is to the factual basis to support a guilty plea, our court looks to the entire record because,

> unlike a claim of due process involuntariness, the relevant inquiry for purposes of determining the Sixth Amendment claim . . . does not involve an examination of [the defendant's] subjective state of mind at the time the trial court accepted the plea, but instead involves an examination of whether counsel performed poorly by allowing [the defendant] to plead guilty to a crime for which there was no objective factual basis in the record.

For that reason, we find it unnecessary to determine in this inquiry Sutton's understanding of the meaning of "intoxication" in section 123.46. We instead look to the entire record available to the court when it accepted the guilty plea and pronounced judgment to see if there is a factual basis to support the guilty plea.

As noted, the written guilty plea includes Sutton's statement that he "did appear in public area" and "was intoxicated." It also specifically states that the court, in determining a factual basis, may look to the minutes of testimony and

---

[1] This assumes the presentence investigation report was available at the time of the guilty plea proceeding. *See State v. Fluhr,* 287 N.W.2d 857, 868 (Iowa 1980), *overruled on other grounds by State v. Kirchoff,* 452 N.W.2d 801 (Iowa 1990).

the law enforcement investigative reports, and may ask him or counsel to recount the material facts. The minutes of testimony state the arresting officer was slated to testify that he spoke to a witness, who saw Sutton "come down the stairs, consuming a beverage from a glass bottle." The officer also was slated to testify "[t]he female witness pointed out the bottle which was sitting on the sidewalk" and would state "that the bottle was half full of an alcoholic beverage." The officer was expected to testify that "he attempted to converse with the Defendant and was immediately aware of a strong odor of alcoholic beverage emitting from the Defendant's person," Sutton "was unable to communicate with" him "due to his being highly intoxicated," and the officer "was unable to understand anything that the Defendant tried to say to him."

The minutes and the written guilty plea establish a factual basis for the crime of public intoxication. Accordingly, Sutton's attorney did not breach an essential duty in failing to file a motion in arrest of judgment challenging the factual basis for the plea.

In reaching this conclusion, we have not considered the result of a preliminary breath test conducted by the arresting officer. For that reason, we find it unnecessary to address Sutton's arguments regarding inclusion of those results in a factual-basis analysis.

**B. Voluntariness.** We turn to Sutton's assertion his plea was involuntary. Sutton specifically asserts, "[i]n order for [his] guilty plea to be valid, the Court was required to establish subjectively that [he] understood that his intoxication was the result of alcohol consumption alone." This claim is distinct from an assertion that counsel was ineffective in failing to challenge the factual

basis of the plea. *See Finney*, 834 N.W.2d at 62 (noting the difference between a factual basis challenge and a claim of due process involuntariness).

In order to accept a guilty plea, the court must determine the plea is voluntary and intelligent and has a factual basis. Iowa R. Crim. P. 2.8(2)(b). The court must determine the defendant understands, among other things, "the nature of the charge to which the plea is offered." Iowa R. Crim. P. 2.8(2)(b)(1); *see also Finney*, 834 N.W.2d at 53 (citing *Henderson v. Morgan*, 426 U.S. 637, 645–47 (1976), and noting a defendant must subjectively know the necessary elements of the charge for his plea to be knowing and voluntary).

Sutton asserts the record fails to show he subjectively knew that intoxication must be the result of consumption of alcohol under section 123.46(2). He points out the minutes of testimony state he was in possession of two hydrocodone pills at the time of his arrest, and thus, he argues the record implies he "may have been under the influence of hydrocodone or a combination of hydrocodone and alcohol." Because neither his attorney nor the court established his intoxication was from alcohol consumption alone, he claims his guilty plea is invalid due to a lack of his subjective understanding of intoxication.

We first determine whether intoxication under section 123.46 requires the consumption of alcohol alone or whether a defendant can be found guilty of public intoxication after ingesting other substances. Section 123.46(2) is contained within Iowa Code chapter 123, the "Iowa Alcoholic Beverage Control Act." *See* Iowa Code § 123.1. This chapter does not define intoxication, but it only deals with regulating alcoholic beverages. Specifically, section 123.46(2) provides:

2. A person shall not use or consume alcoholic liquor, wine, or beer upon the public streets or highways. A person shall not use or consume alcoholic liquor in any public place except premises covered by a liquor control license. A person shall not possess or consume alcoholic liquors, wine, or beer on public school property or while attending a public or private school-related function. A person shall not be intoxicated in a public place. A person violating this subsection is guilty of a simple misdemeanor.

The section clearly pertains only to "alcoholic liquor, wine, or beer." Nowhere does it refer to other substances, the ingestion of which can lead to intoxication. *See State v. Harris*, 490 N.W.2d 561, 563 (Iowa 1992) (noting "the public intoxication statute, contained within a chapter entitled the 'Iowa Alcoholic Beverage Control Act,' makes no reference to intoxication by any other controlled substances"); *compare* Iowa Code § 123.46, *with* Iowa Code § 321J.2 (noting a person commits the offense of operating while intoxicated if the person operates a vehicle "while under the influence of an alcoholic beverage or other drug or a combination of such substances"). We therefore hold that for someone to be guilty of public intoxication under section 123.46, the person must be under the influence of an alcoholic beverage.

Now we turn our attention to Sutton's claim that he did not know intoxication by alcohol consumption was an element of the offense to which he pled guilty. We apply a substantial compliance standard in determining whether a court has adequately informed a defendant of the rule 2.8(2)(b) advisories. *See State v. Loye*, 670 N.W.2d 141, 151 (Iowa 2003). "'Substantial compliance' requires at a minimum that the defendant be informed of these matters and understand them." *Id.* (citation omitted).

In applying this standard to the requirement that the defendant know and understand the nature of the charges against him, we

> have held *the court need not review and explain each element of the crime if it is "apparent in the circumstances the defendant understood the nature of the charge."*

*Id.* (emphasis added) (citation omitted). The court did not give misleading or inaccurate information to Sutton regarding the nature of the offense or its elements. *See id.* The court accepted Sutton's request to waive his presence at the guilty-plea proceeding. Although not fully briefed, Sutton has raised a challenge to the court's failure to engage in an in-court colloquy as a part of his subjective-knowledge claim. And the dissent asserts that a written guilty plea can never be sufficient to establish voluntariness of a guilty plea in the absence of at least some in-court colloquy between the court and a defendant.

Read in context, rule 2.8(2)(b) and the case law cited below do not require an in-court conversation for every serious and aggravated misdemeanor case, as long as the written guilty plea is adequate, the defendant waives presence, nothing else appears in the record to dilute the strength of the written guilty plea, the court exercises its discretion to waive the in-court colloquy,[2] and the court is satisfied the plea is voluntarily and intelligently offered. In other words, it is possible for a court to substantially comply with rule 2.8(2)(b) by accepting a well-drafted written guilty plea, properly documented by a well-drafted order accepting the plea, without having engaged the defendant personally in court.

In *State v. Kirchoff*, 452 N.W.2d 801, 804 (Iowa 1990), the supreme court for the first time approved the use of a written guilty plea together with an in-court colloquy to satisfy the requirements of rule 2.8(2)(b) as it then existed. In 2001,

---

[2] Rule 2.8(2)(b) para. 6 provides in part: "The court may, *in its discretion* and with approval of the defendant, waive the above procedures in a plea of guilty to a serious or aggravated misdemeanor." (Emphasis added.)

the court was still following the requirement that a written guilty plea together with a colloquy with the court could satisfy rule 2.8(2) in misdemeanor cases when it clarified that a written plea could not substitute for an in-court colloquy in *felony* cases:

> Our court in *Kirchoff* determined that these requirements in Rule [2.]8 can be adequately satisfied in a guilty plea to an aggravated misdemeanor when the procedure employed combines written admissions and statements with oral colloquy between the defendant and the court. *Kirchoff,* 452 N.W.2d at 804-05. This holding, limited to misdemeanors, is now codified in Rule [2.]8.

*State v. Hook*, 623 N.W.2d 865, 869 (Iowa 2001), *abrogated by State v. Barnes*, 652 N.W.2d 466 (Iowa 2002).[3] In *Barnes,* the court explained that in *Hook* the court had suggested "that the court must personally inform the defendant concerning the consequences of failing to file a motion in arrest of judgment and that this may not be accomplished by the contents of a written plea agreement." 652 N.W.2d at 468. Then the court clarified:

> However, further reflection on our part suggests that this interpretation of rule 2.8(2)(d) would unduly restrict the written plea process that subparagraph (5) of rule 2.8(2)(b) is designed to foster in prosecutions for serious or aggravated misdemeanors. We now conclude that the reason paragraph (b) of *rule 2.8(2) contains an express authorization for waiver of a personal colloquy* and paragraph (d) of that rule does not is because, unlike paragraph (b), paragraph (d) contains no requirement that "the court must address the defendant personally." The absence of that requirement in paragraph (d) convinces us that defendants charged with serious or aggravated misdemeanors may enter into a valid written waiver of the right to file a motion in arrest of judgment and thus trigger the bar that rule 2.24(3)(a) imposes to challenging a guilty plea on appeal. That is what occurred in the present case.

*Id.* (emphasis added).

---

[3] Although each of these cases involves issues concerning motions in arrest of judgment, the focus of this opinion is on the factual basis and voluntariness of the plea.

In the case of *State v. Meron*, 675 N.W.2d 537, 542 (Iowa 2004), the defendant had appealed from a guilty plea, claiming it was not intelligently and voluntarily made. Meron had *not* filed a written guilty plea, so the supreme court was only considering an in-court colloquy to determine compliance with rule 2.8(2)(b). During that colloquy, the district court had not fully informed her of all the rights she was giving up by pleading guilty and had failed to inform her of the right to file a motion in arrest of judgment and the consequences of failing to file such a motion. *Meron*, 675 N.W.2d at 540. There was some limited record suggesting that Meron had orally waived her right to be informed of such matters, but the supreme court determined that any such waiver did not constitute substantial compliance with rule 2.8(2)(b). *Id.* at 541-54.

The *Meron* court then reviewed the case law and rule development relating to written waivers:

> In *Kirchoff,* however, we said that the requirements for the court to personally address a defendant to cover the necessary areas of inquiry—now listed under rule 2.8(2)(*b*)—could be satisfied in cases involving pleas of guilty to serious and aggravated misdemeanors by *supplementing the in-court colloquy with a written plea* that tracked with the language of the rule. *See* 452 N.W.2d at 804-05.
>     We recognize that the waiver language of rule 2.8(2)(*b*) was a codification of our holding in *Kirchoff. Hook,* 623 N.W.2d at 869. Thus, while the rule embraces the use of written waiver forms, neither *Kirchoff* nor the waiver language of rule 2.8(2)(*b*) diminishes the importance and necessity of the court's role to ensure each plea is voluntary, intelligent, and supported by facts. Instead, they simply recognize that the court, in making its required determination in misdemeanor cases, can use a defendant's written acknowledgement. The language of the waiver portion of the rule adopted after *Kirchoff* tracks with this approach and explains why it is written to permit the *court* to waive the procedures, subject to the approval of the defendant. *See* Iowa R. Crim. P. 2.8(2)(*b*). *It allows the court, upon examination of a written plea, to waive the necessity of a full in-court colloquy.* It does not give the defendant

the right to waive the means for the court to determine that the plea is voluntarily and intelligently entered.

This background reveals the flaw in the State's argument. *There are two separate components of rule 2.8(2)(b).  See Myers,* 653 N.W.2d at 577-78.  *The first concerns the requirement of an in-court colloquy.  See id.  The second concerns the requirement the defendant is informed.  See id.*  Although the court in guilty pleas to serious and aggravated misdemeanors *can waive the in-court colloquy component*, the rule still requires substantial compliance with the requirement that the defendant be informed.  *The waiver language of rule 2.8(2)(b) only means the full in-court colloquy can be waived and the written plea can serve to establish substantial compliance with the rule.*  We have already determined that there was no substantial compliance in this case.

*Id.* at 543 (emphasis added).

The dissent reads the foregoing to mean that only a "full in-court colloquy can be waived;" thus, requiring *some* in-court colloquy.  We read it to mean that the colloquy, identified as a "full in-court colloquy," can be waived by the court if the defendant approves a waiver of presence and the written guilty plea substantially complies with the rule by showing the defendant was adequately informed of all the matters required by rule 2.8(2)(b), thus forming an appropriate basis for the court to conclude the plea was voluntarily and intelligently tendered.  After all, the ultimate objective of rule 2.8(2)(b) is to make certain that there is a factual basis for the guilty plea and that the same was voluntarily and intelligently made.  The permissive language from *Kirchoff*, allowing the use of a written plea to supplement an in-court colloquy, does not create a requirement that written guilty pleas be relegated to only supplementation of colloquies.[4]  So long as

---

[4] At first read, footnote 3 of *State v. Finney* was concerning.  *Finney*, 834 N.W.2d at 59 n.3.  It cites to *Meron and Kirchoff* approving the use of a written guilty plea to supplement an in-court colloquy.  *Id.*  It should be noted that *Finney* was an attempted murder case, not a misdemeanor case.  While it is true that a written plea may be used to supplement an in-court colloquy, *Meron* allows substantial compliance of the rule

there is substantial compliance with those requirements, there need not be a colloquy under *Meron*.

Two years after *Meron*, in *State v. Majeres*, 722 N.W.2d 179 (Iowa 2006), our supreme court considered whether a second offense operating while intoxicated (OWI),[5] an aggravated misdemeanor which resulted in incarceration, could be considered a second offense for purposes of convicting the defendant of a third offense OWI. Her second offense OWI conviction was founded on a written guilty plea and written waiver of counsel. *Majeres*, 722 N.W.2d at 181. In *Majeres*, the defendant was challenging her written waiver of counsel in the second offense case as having been inadequate. *Id.* Her written guilty plea, which contained the written waiver of counsel, also waived her presence in court. *Id.* In fact, her written plea and waiver of counsel was tendered to the court by the county attorney in Majeres's absence. *Id.* The court had accepted the plea without engaging the defendant in any colloquy as the defendant was not present. *Id.* The supreme court explained:

> *At the time Majeres entered her guilty plea, our rule allowed a defendant, when pleading guilty to a serious or aggravated misdemeanor, to waive the defendant's appearance in open court to engage in an in-court colloquy.* Iowa R. Crim. P. 8(2)(b) (2001) (amended Nov. 9, 2001, eff. Feb. 15, 2002; amended Dec. 22, 2003, eff. Nov. 1, 2004). In the Sioux County case, Majeres signed a written plea of guilty without counsel. In that written plea, she acknowledged the charge against her as OWI, second offense; her right to counsel; and the maximum and minimum sentences. Thus, her written plea met the informational requirements under *Tovar* to waive the right to counsel and plead guilty. An in-court colloquy is not necessary to ensure the waiver was voluntary, knowing, and

---

without an in-court colloquy in serious and aggravated misdemeanor cases. *See Meron*, 675 N.W.2d at 543.

[5] The second offense was committed in November 2001. *Majeres*, 722 N.W.2d at 181. *Meron* was decided in 2004. *Meron*, 675 N.W.2d at 542.

intelligent. See *[Iowa v.] Tovar*, 541 U.S. [77,] 87–88, 124 S. Ct. [1379,] 1387, 158 L. Ed. 2d [209,] 220 [2004] (stating the Court has not "prescribed any formula or script to be read to a defendant" in regards to the intelligence of waiving the right to counsel). A written guilty plea containing such a waiver is prima facie evidence the defendant gave the waiver voluntarily, knowingly, and intelligently. *See State v. Liddell*, 672 N.W.2d 805, 811 (Iowa 2003) (holding a written waiver of the right to a jury trial is prima facie evidence the waiver was voluntary, knowing, and intelligent).

. . . .

Consequently, the district court may use Majeres' uncounseled guilty plea to the OWI, second offense, in Sioux County to enhance the offense in this case, even though the court imposed incarceration as part of its sentence without an in-court colloquy.

*Id.* at 182-83 (emphasis added).

While the court was focused on the waiver of counsel, the foregoing demonstrates that the court clearly stated that "our rule allowed a defendant, when pleading guilty to a serious or aggravated misdemeanor, to waive the defendant's appearance in open court to engage in an in-court colloquy." *Id.* at 182.

Since 2001, our court has considered at least twenty-four unpublished cases involving the use of written guilty pleas.[6] As these are unpublished cases,

---

[6] *See State v. Hilson*, No. 13-0895, 2014 WL 970187, at *2 (Iowa Ct. App. Mar. 12, 2014) (finding the written plea adequately advised the defendant how to challenge his guilty plea; defendant failed to file a motion in arrest of judgment and thus could not challenge his plea on appeal); *State v. Earnest*, No. 13-0388, 2014 WL 472036, at *3 (Iowa Ct. App. Feb. 5, 2014) (holding trial counsel breached an essential duty by failing to contest the defendant's plea after the district court did not indicate it exercised discretion to waive the plea colloquy or discharged its duty to ensure the plea was voluntary, intelligent, and had factual basis and counsel's failure was prejudicial); *Eaves v. State*, No. 12-1929, 2013 WL 6700354, at *1, *3 (Iowa Ct. App. Dec. 18, 2013) (stating ,"[w]hile the court may streamline the colloquy in misdemeanor cases that include a written plea agreement, the court may not dispense with the colloquy" but holding the court's failure to advise the defendant about the section 903B.2 special sentence did not result in prejudice because the defendant failed to prove he would have proceeded to trial); *State v. Bakalar*, No. 12-1103, 2013 WL 3273826, at *2 (Iowa Ct. App. June 26, 2013) (finding the plea agreement was not adequately disclosed and

preserving the defendant's claims that the plea was involuntary, unintelligent, and without a factual basis for postconviction relief claims so that a record regarding the plea agreement can be developed); *State v. Loew*, No. 12-1692, 2013 WL 2638230, at *2, *3 (Iowa Ct. App. June 12, 2013) (stating "the court in *Meron* was clear to note while written forms are permissible in misdemeanor cases they do not diminish the necessity of some type of colloquy with the court, to ensure the integrity of the plea" and finding the record of the written guilty plea and plea colloquy show defendant knowingly and voluntarily pled guilty); *State v. Chao Zhang*, No. 11-1367, 2012 WL 664503, at *2 (Iowa Ct. App. Feb. 29, 2012) (preserving the ineffective-assistance-of-counsel claims because there was no evidence on the record regarding defense counsel's advice to the defendant of immigration consequences, whether the defendant's conviction will impact his immigration status, or that the defendant would have not pled guilty if advised of immigration consequences); *State v. Taylor,* No. 10-1555, 2011 WL 3689010, at *1 (Iowa Ct. App. Aug. 24, 2011) (holding the district court properly accepted the defendant's written guilty plea and written waiver of counsel without an in-court colloquy); *State v. Clark*, No. 11-0240, 2011 WL 3480967, at *1 (Iowa Ct. App. Aug. 10, 2011) (finding Clark's admission in his written guilty plea of a prior offense was sufficient to establish the prior conviction for enhancement purposes without an in-court colloquy); *State v. Brammeier*, No. 10-1157, 2011 WL 2556076, at *2 (Iowa Ct. App. June 29, 2011) (finding no prejudice and therefore the guilty plea was knowing and intelligent because the defendant's sentence and fine were less than what defendant had been advised in the written guilty plea); *State v. Rydl*, No. 10-0493, 2010 WL 3894604, at *1, *3 (Iowa Ct. App. Oct. 6, 2010) (finding that it was acceptable for there to be no direct colloquy between the court and the defendant when entering judgment on a written guilty plea but remanding so that the State may supplement the record to establish a factual basis); *State v. Tiegen,* No. 09-0465, 2009 WL 3380065, at *2 (Iowa Ct. App. Oct. 21, 2009) (holding the defendant's written guilty plea adequately advised the defendant that terms of incarceration might run consecutively and "his claim his pleas were not knowing and voluntary is thus without merit"); *State v. Madrigal*, No. 08-1623, 2009 WL 3086558, at *1 n.1, *3, (Iowa Ct. App. Sept. 17, 2009) (holding there was a factual basis to support the written guilty plea that was entered without the defendant's presence, but preserving for postconviction relief the defendant's ineffective-assistance claims because the record was inadequate to determine counsel's advice about the immigration consequences and the defendant's level of understanding of English); *State v. Thompson*, No. 08-1386, 2009 WL 1886111, *1 n.1, *2 (Iowa Ct. App. July 2, 2009) (involving a written guilty plea entered without an in-court colloquy, the court remanded the case so the State could have opportunity to establish a factual basis for the plea); *State v. Hurd*, No. 08-0707, 2009 WL 606234, at *1 (Iowa Ct. App. Mar. 11, 2009) (preserving claims for postconviction relief because the record was incomplete due to the lack of plea colloquy transcript); *State v. Aceves-Hernandez*, No. 07-0830, 2008 WL 2752110, at *1 (Iowa Ct. App. July 16, 2008) (finding the defendant waived his right to challenge his written guilty plea and did not assert any ineffective-assistance claims so judgment was affirmed); *State v. Howell,* No. 07-1179, 2008 WL 783760, at *1, *2 (Iowa Ct. App. Mar. 26, 2008) (holding the defendant did not preserve his right to challenge to his written guilty plea but still finding substantial compliance with rule 2.8(2)(b)(2) because court's errors in written plea were harmless); *State v. Rich*, No. 06-0990, 2007 WL 1063031, *1, *2 (Iowa Ct. App. Apr. 11, 2007) (finding the written plea adequately informed the defendant of the consequence of failing to file a timely motion in arrest of judgment; however, the dissent asserted the defendant "was entitled to an on-the-record court proceeding and . . . trial counsel was ineffective in failing to ensure that such a proceeding was held," citing

we call attention to them only to demonstrate two points: (1) written guilty pleas are widely used and apparently an important tool for the district and district associate judges, who dispose of high volumes of these cases, often without ready access to court reporters who could make a record of colloquies; and (2) our court has not ruled consistently as to whether a colloquy is always and automatically required when a written guilty plea is tendered. For our purposes here, it is sufficient to say that the cases show a mixed bag of some cases approving written guilty pleas without colloquies, some approving written guilty

---

*Meron*); *State v. Marlenee*, No. 04-1755, 2006 WL 1229993, at *3 (Iowa Ct. App. Apr. 26, 2006) (holding the defendant's plea was a voluntary, knowing, and intelligent waiver of right to trial when the written guilty plea contained the requirements of rule 2.8 and the court gave an abbreviated in-court colloquy which discussed the plea agreement and voluntariness of the defendant's plea); *State v. Jenkins*, No. 04-0969, 2004 WL 2387527, at *1 (Iowa Ct. App. Oct. 27, 2004) (holding the statement in written guilty plea that "I freely and voluntarily plead guilty . . . and authorize my attorney to present this . . . plea of guilty to the Court without my being present" established the plea was voluntary and did not require the trial court to specifically address voluntariness of the plea); *State v. Root,* No. 03-1941, 2004 WL 2173422, *3–4 (Iowa Ct. App. Sept. 29, 2004) (finding the written guilty plea adequately set forth all rights and procedures waived, it was not necessary for the court to conduct an in-court colloquy with the defendant, and it was within the court's discretion to waive the guilty plea procedures); *State v. Hayes*, No. 04-0043, 2004 WL 2002596, at *7 (Iowa Ct. App. Sept. 9, 2004) (finding the written guilty plea and limited in-court colloquy demonstrated substantial compliance with rule 2.8(2)(b)); *State v. Saqib*, No. 03-1053, 2004 WL 433967, at *1–2 (Iowa Ct. App. Mar. 10, 2004) (finding there was not an in-court colloquy and none of the documents signed by the defendant advised him of the immigration consequences, but preserving the ineffective-assistance claims for postconviction relief so that trial counsel can explain); *State v. Hoffpauir*, No. 02-0219, 2003 WL 554599, at *2 (Iowa Ct. App. Feb. 28, 2003) (finding the district court substantially complied with rule 2.8(2)(d) when it informed the defendant of the consequence of failing to challenge its acceptance of the written guilty plea); *State v. Carmona*, No. 01-1283, 2002 WL 1332735, at *1 (Iowa Ct. App. June 19, 2002) (holding the defendant "gave up his right 'to discuss with the judge each of the rights and legal concept set out' in the guilty plea document, including the right to counsel" and therefore the district court had no obligation to conduct an in-court colloquy regarding defendant's waiver of right to counsel); *State v. Porter*, No. 00-290, 2001 WL 98529, at *3 (Iowa Ct. App. Feb. 7, 2001) (finding counsel did not breach a duty when counsel failed to file a motion in arrest of judgment following the defendant's written guilty pleas because the defendant agreed to sentencing after the court informed him it would reserve its sentencing options despite the terms of the plea agreement).

pleas with at least some colloquies, some disapproving written guilty pleas without colloquies, and a number of variations on those rulings.

If we require a colloquy, even less than a full in-court colloquy, it follows that a court reporter must make a record of the event. What is the purpose of requiring a colloquy if there is no record of what was said and by whom?[7]

Rule 2.8(2)(b) and the applicable case law give the court the discretion to waive an in-person colloquy with a defendant, with defendant's approval, so long as a written guilty plea adequately provides the court sufficient information from which the court can make a finding that the plea is voluntarily and intelligently tendered, and that the court finds there is a factual basis for the plea. For us to rule otherwise would effectively deny the court the exercise of discretion the rule expressly provides. Because no in-person colloquy is required in serious and aggravated misdemeanor cases, we conclude the requirement that a defendant understand "[t]he nature of the charge to which the plea is offered" *can* be satisfied by a written guilty plea.

Turning our attention to Sutton's case, a review of the written guilty plea and the information available to the court when it accepted the guilty plea in this case and entered judgment thereon shows the court properly exercised its discretion and substantially complied with the requirement Sutton understand the nature of the charge to which he was pleading guilty—including the requirement that intoxication be from the ingestion of alcohol. Sutton asserted he was

---

[7] Realizing the limited role of our court, we respectfully mention that making a record takes time and costs money, not just for the courts, but for the litigants. Court costs and attorney fees will increase, and delays resulting from increasing the workload of the district courts will be substantial.

"intoxicated" in the written guilty plea. He stated in the presentence investigation report that he was "drinking" at a friend's apartment. He also admits to having been convicted of this same crime at least twice before, showing his familiarity with the elements of the crime. A review of the minutes of testimony establishes that Sutton actually had five previous convictions for public intoxication. Nowhere in the record or in his brief does Sutton claim that his behavior on the date in question was the result of his ingestion of some other substance other than alcohol. Nor does he assert he would not have pled guilty had he known intoxication required the consumption of alcohol. He does not claim that he consumed hydrocodone. His sole claim is simply that the court did not make a finding that he knew the element of intoxication could only be satisfied by proof of alcohol consumption.

Beyond his bald assertion that the court did not establish whether he had subjective knowledge, we find no evidence to support his claim. We reject Sutton's challenge to his guilty plea on the ground that the court did not find he subjectively knew that intoxication required the ingestion of alcohol. We find the record establishes the district court substantially complied with the requirement Sutton understand the nature of the charge, and we therefore reject Sutton's claim that counsel was ineffective in not challenging the guilty plea by a motion in arrest of judgment on this ground.

### III. Conclusion.

We affirm Sutton's judgment and sentence for public intoxication because we find a factual basis to support the plea and the court substantially complied

with the requirement the defendant understand the nature of the charge to which he pled guilty.

**AFFIRMED.**

Danilson, P.J., concurs; Vaitheswaran, J., dissents.

**VAITHESWARAN, J.** (dissenting)

The majority provides compelling reasons for dispensing with an on-the-record colloquy in aggravated misdemeanor cases supported by written pleas that waive the colloquy. I do not disagree with those reasons, but I read *State v. Meron*, 675 N.W.2d 537 (Iowa 2004), as requiring something different.

In *Meron*, the court stated

> [W]hile the rule embraces the use of written waiver forms, neither *Kirchoff* nor the waiver language of rule 2.8(2)(b) *diminishes the importance and necessity of the court's role to ensure each plea is voluntary, intelligent, and supported by facts.* Instead, they simply recognize that the court, in making its required determination in misdemeanor cases, can use a defendant's written acknowledgement [and] . . . waive the necessity of a *full* in-court colloquy.

675 N.W.2d at 543 (emphasis added). The court reiterated that the rule "allows the court, upon examination of a written plea, to waive the necessity of a *full* in-court colloquy" but "does not give the defendant the right to waive the means for the court to determine that the plea is voluntarily and intelligently entered." *Id.* at 543 (emphasis added). The only means I can think of that would allow a court to determine whether a plea is voluntary and intelligent would be an in-court conversation with the defendant.

The court said just that in *State v. Finney*, 834 N.W.2d 46, 58 (Iowa 2013). There the court stated, "[T]he defendant's understanding [of the plea matters] involve[s] a subjective concern, requiring the trial court to delve into the accused's state of mind, and . . . such an inquiry is best done on the record through a thorough personal colloquy between the court and the defendant." *Finney*, 834 N.W.2d at 58. The court went on to say, "[A]n on-the-record

discussion during the plea colloquy between the court and the defendant enhances the ability of the district court to determine the various due process voluntariness issues which turn on the state of mind of the defendant at the time the plea is made." *Id.* at 61.

The district court did not conduct an on-the-record plea colloquy, apparently relying on Sutton's written waiver of his "right to have the Court address [him] personally." While this waiver is a clear expression of Sutton's intent to waive an in-person colloquy, *Meron* tells me that this language does not absolve the court of the obligation to engage in a conversation with Sutton to determine whether the plea was voluntary and intelligent.

In the absence of a plea colloquy, I would find the record inadequate to address Sutton's voluntariness claim. *See State v. Tate*, 710 N.W.2d 237, 241 (Iowa 2006) (finding the record inadequate to address the defendant's ineffective-assistance-of-counsel claim on direct appeal). I would preserve this issue for postconviction relief to permit the development of a record on whether Sutton knowingly and intelligently pled guilty to the crime.