## IN THE COURT OF APPEALS OF IOWA

No. 14-2059
Filed December 9, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DALE CLARK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jefferson County, Crystal S. Cronk,

District Associate Judge.


        Dale Clark appeals his convictions following guilty pleas to possession of

methamphetamine and eluding.  **AFFIRMED.**


        Christine E. Branstad of Branstad Law, P.L.L.C., Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney

General, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VOGEL, Presiding Judge.**

Dale Clark appeals his convictions following guilty pleas to possession of methamphetamine and eluding a law enforcement vehicle. He asserts the district court failed to comply with Iowa Rule of Criminal Procedure 2.8(2)(b) when it did not make a specific finding that the pleas were made voluntarily and intelligently. He further claims trial counsel was ineffective for failing to ensure the pleas were appropriately entered, coupled with a failure to file a motion in arrest of judgment challenging the plea proceedings. Although counsel did not file a motion in arrest of judgment, we find no merit to Clark's attacks regarding the plea proceedings, as there were several instances in the record where Clark was informed of the maximum penalties; additionally, the record clearly reflects the pleas were entered voluntarily and intelligently. Consequently, we affirm Clark's convictions.

## I. Factual and Procedural Background

On January 3, 2014, a police officer attempted to initiate a traffic stop upon observing Clark driving with an expired license plate. Clark did not comply and sped away, requiring several law enforcement agencies to pursue him at high speeds. When officers were eventually successful in stopping the vehicle, Clark tried to escape on foot but was apprehended. Officers found in his possession a broken syringe and .27 grams of methamphetamine.

On January 9, 2014, Clark was charged by trial information with operating a motor vehicle while barred and eluding. A second trial information filed on May 8, 2014, charged Clark with possession of methamphetamine. On October 10, 2014, he filed two separate guilty pleas, one to eluding or attempting to elude a

law enforcement vehicle, in violation of Iowa Code section 321.279(2) (2013), and a second to possession of methamphetamine, an aggravated misdemeanor in violation of Iowa Code section 124.401(5). In part, the pleas contained the maximum penalties for each charge, as well as statements that Clark waived the right to file a motion in arrest of judgment and that his pleas were made voluntarily and intelligently.[1]

At the sentencing hearing held on December 11, 2014, the State recommended consecutive sentences be imposed. The district court accepted Clark's guilty pleas, though it did not make a specific finding on the record that the pleas were voluntarily and intelligently entered; it then sentenced Clark to a term of incarceration not to exceed two years on each count, with the sentences

---

[1] The actual wording in each plea states: "**I HAVE READ ALL OF THE ABOVE INCLUDING THE STATEMENT OF RIGHTS. I KNOW AND UNDERSTAND WHAT IS STATED IN THIS PLEA OF GUILTY**." The pleas also set forth the maximum penalties associated with each charge, as well as an explanation of the rights Clark was waiving by filing this plea. In part, the text of the agreement for the methamphetamine charge read:

> I further understand that if convicted on all counts, I could be subject to consecutive sentences. That means that each sentence could be imposed to run one after the other for a maximum consecutive sentence of up to nineteen years.
>
> . . . .
>
> In order to contest this plea of guilty, I must file a motion in arrest of judgment no later than 45 days after a plea of guilty and no later than five days prior to pronouncement of judgment, and that the Court will set a sentencing date not less than fifteen days after the date of its acceptance of this guilty pela unless I waive this right, and the right to file a motion in arrest of judgment will be waived by having the Court impose a sentence now.
>
> By having the Court impose my sentence now, I will never be able to challenge this plea of guilty and I will be giving up my right to directly appeal my guilty plea.

The eluding plea agreement also informed Clark that he faced the possibility of consecutive sentences, stating: "If convicted of both charges, I could face consecutive sentences, that is, I could be sentenced to a maximum term of incarceration of six years."

to run concurrently. It also advised him of the right to appeal the sentences. Clark appeals.

## II. Standard of Review

We review challenges to guilty pleas for correction of errors at law. *State v. Tate*, 710 N.W.2d 237, 239 (Iowa 2006). We review ineffective-assistance-of-counsel claims de novo. *Id.*

## III. Waiver of Motion in Arrest of Judgment

Clark first argues the court erred when it failed to make a specific finding that his pleas were "voluntarily, knowingly and intelligently" entered. The State responds error was not preserved because Clark waived the right to file a motion in arrest of judgment in his written pleas and then did not so move; therefore, the district court did not consider this issue or rule on it. However, Clark asserts because the court failed to inform him of his right to file a motion in arrest of judgment—despite his waiver of this right in his written guilty pleas—it violated Iowa Rule of Criminal Procedure 2.8(2)(d), and therefore his waiver of this right was not knowing and voluntary. Thus, the normal rules of error preservation do not apply.

Iowa Rule of Criminal Procedure 2.8(2)(b) states: "The court may refuse to accept a plea of guilty, and shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis." To comply with this rule, in its colloquy the district court must assure that the guilty plea, as well as any waiver of rights contained in the plea, is knowing and voluntary. *State v. Meron*, 675 N.W.2d 537, 541–42 (Iowa 2004). Moreover: "*Absent a written plea of guilty describing all the matters set forth in the rule,*

noncompliance with oral requirements of the rule normally constitutes reversible error." *Id.* at 542 (emphasis added).

Clark signed two plea petitions, both of which contained an explicit statement that he was waiving his right to file a motion in arrest of judgment. Though the district court did not further explain in its colloquy the waiver of this right, his written plea satisfies the requirements contained in rule 2.8(2)(b) and (d). *See Meron*, 675 N.W.2d at 542. Consequently, Clark's waiver of his right to file a motion in arrest of judgment was voluntarily and intelligently made. *See State v. Barnes*, 652 N.W.2d 466, 467–68 (Iowa 2002) (holding the district court was not required to inform the defendant of the consequences of failing to file a motion in arrest of judgment, which was contained in the written plea, for the waiver of this right to be knowing and voluntary). Therefore, we do not agree with Clark's assertion that the normal rules of error preservation do not apply.

It is undisputed Clark did not file a motion in arrest of judgment. Thus, the court did not address the issue of whether Clark's waiver of this right was knowing and voluntary, and error was not preserved. *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) (holding that, for error to be preserved, the party must present the argument to the district court, which must then rule on the issue). Consequently, we decline to address the merits of this argument.

## IV. Ineffective Assistance of Counsel

Clark next claims trial counsel was ineffective for failing to file a motion in arrest of judgment challenging his plea. He argues counsel breached an essential duty failing to assert that the plea was not knowingly, voluntarily, and intelligently entered because, given there were two plea agreements, Clark was

not informed of the possibility of consecutive sentences, which violated the provision in Iowa Rule of Criminal Procedure 2.8(2)(b)(2) requiring the defendant be informed of the maximum possible sentences.

A defendant may raise an ineffective-assistance claim on direct appeal if the record is adequate to address the claim. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To succeed, Clark must show counsel breached an essential duty and that he was prejudiced by counsel's error. *Id.* Moreover, Iowa Rule of Criminal Procedure 2.8(2)(b)(2) requires the plea to be voluntarily and intelligently entered, which means, in part, that Clark must be informed of the maximum penalties. The district court is required to substantially comply with this rule. *Meron*, 675 N.W.2d at 542.

Both written pleas set forth the maximum penalties associated with each count. They also stated that if convicted on all counts, Clark faced the possibility of consecutive sentences.[2] Though during the plea and sentencing hearing the court did not restate the possible maximums, they were explicitly set forth in the plea petitions. We further note the State recommended consecutive sentences at the hearing, for a term of incarceration not to exceed two years on each count. Therefore, this record indicates rule 2.8(2)(b) was substantially complied with, as there were several instances in which Clark was informed of the possibility of consecutive sentences, as well as the maximum penalties. *See State v. Sutton*,

---

[2] The plea for the possession of methamphetamine charge stated that the maximum possible sentence—if consecutive sentences were imposed—was nineteen years; however, this was not in fact correct. Rather, the maximum possible sentence Clark faced was four years. *See* Iowa Code §§ 124.401(5), 321.279(2), 903.1(2). Nonetheless, Clark was informed of the possibility of consecutive sentences in the plea agreement.

853 N.W.2d 284, 294 (Iowa Ct. App. 2014) (stating "the requirement that a defendant understand '[t]he nature of the charge to which the plea is offered' can be satisfied by a written guilty plea." (citation omitted)). Consequently, Clark is unable to establish that counsel breached an essential duty, and we conclude this claim is without merit. *See State v. Greene*, 592 N.W.2d 24, 29 (Iowa 1999) (holding counsel is not ineffective for failing to assert a meritless argument).

Clark further claims that counsel was ineffective for assuring Clark that he would not be sentenced to prison if he were to plead guilty to the two aggravated misdemeanors. Because the record is insufficient to resolve this claim on direct appeal, we preserve this issue for possible postconviction proceedings.

For these reasons, we affirm Clark's convictions.

**AFFIRMED.**