# IN THE COURT OF APPEALS OF IOWA

No. 16-2228
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTHONY DAVIS,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Johnson County, Marsha A. Bergan, Judge.


        Defendant appeals his conviction for assault on persons engaged in certain occupations causing bodily injury. **AFFIRMED.**


        John J. Bishop, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Anthony Davis appeals his conviction for assault on persons engaged in certain occupations causing bodily injury. We find Davis has failed to show he received ineffective assistance on the ground defense counsel permitted him to plead guilty where there was not an adequate factual basis for the plea. There is an adequate factual basis in the record, and we affirm Davis's conviction.

## I.      Background Facts & Proceedings

According to the minutes of testimony, on November 22, 2016, Davis was an inmate at the Johnson County jail. Sergeant Demetrius Marlowe went to speak with Davis about an argument Davis was having with another inmate. The minutes state, "Sgt. Marlowe asked the Defendant to open the door in the hallway to walk to holding and the Defendant punched Sgt. Marlowe in the jaw without warning. The Defendant struggled with officers and continued to yell threats at Sgt. Marlowe."

Davis was charged with assault on persons engaged in certain occupations causing bodily injury, in violation of Iowa Code section 708.3A(3) (2016), an aggravated misdemeanor. Davis signed a written guilty plea to the charge, in which he stated, "I did assault a peace officer in uniform causing bodily injury." The court accepted Davis's plea, finding "from an examination of Defendant's written guilty plea and from a review of the trial information, together with the minutes of testimony, that there is a factual basis for Defendant's plea of guilty." Davis was sentenced to a term of imprisonment not to exceed two years,

to be served concurrently with other sentences he was serving. Davis now appeals, claiming he received ineffective assistance of counsel.

## II.    Standard of Review

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, a defendant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *Id.* A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

## III.    Merits

Davis claims he received ineffective assistance because defense counsel permitted him to plead guilty when there was not an adequate factual basis for his plea. He states while there may have been an adequate factual basis based on the minutes of testimony to show he assaulted Sergeant Marlowe, the minutes do not provide a factual basis to show Sergeant Marlowe suffered a bodily injury. Davis claims there is no factual basis in the record to support the bodily-injury element of the offense.

"It is a responsibility of defense counsel to ensure that a client does not plead guilty to a charge for which there is no objective factual basis." *State v. Finney*, 834 N.W.2d 46, 54 (Iowa 2013). There is no requirement for evidence beyond a reasonable doubt, only a need for a factual basis to support the charge. *Id.* at 62. In considering whether there is a factual basis for a guilty plea, "the

entire record before the district court may be examined." *Id.* "The defendant's admission on the record of the fact supporting an element of an offense is sufficient to provide a factual basis for that element." *State v. Philo*, 697 N.W.2d 481, 486 (Iowa 2005).

We determine there is a sufficient factual basis in the record to support Davis's plea of guilty to assault on persons in certain occupations causing bodily injury. Davis's signed guilty plea states, "I did assault a peace officer in uniform causing bodily injury." The minutes and Davis's written guilty plea establish the factual basis for the offense of assault on persons engaged in certain occupations causing bodily injury. *See State v. Sutton*, 853 N.W.2d 284, 287 (Iowa Ct. App. 2014). Davis's admission the assault caused bodily injury is sufficient to provide a factual basis on the "causes bodily injury" element of the offense. *See* Iowa Code § 708.3A(3); *Philo*, 697 N.W.2d at 486. We conclude Davis has not shown he received ineffective assistance because defense counsel permitted him to plead guilty to the offense.

We affirm Davis's conviction for assault on persons engaged in certain occupations causing bodily injury.

**AFFIRMED.**