## IN THE COURT OF APPEALS OF IOWA

No. 18-0507
Filed October 24, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAVID M. LEYH,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Fayette County, John J. Bauercamper, Judge.

David Leyh challenges his conviction for possession of marijuana.
**AFFIRMED.**

John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

David Leyh challenges his conviction for possession of marijuana. Leyh claims he received ineffective assistance when counsel allowed him to plead guilty without a sufficient factual basis to support the charge. We find there is a factual basis to support the charge and counsel did not provide ineffective assistance. We affirm.

## I.      Background Facts & Proceedings

In February 2018, law enforcement pulled Leyh over for a broken taillight. After discovering Leyh's vehicle registration had expired in 2015 and he had no automobile insurance, the officers impounded the vehicle. One officer spoke with Leyh while the other performed an inventory search prior to the vehicle being towed. The searching officer found a small bag containing a green leafy substance in Leyh's wallet in the vehicle's console. Leyh told the officers he had picked it up off the ground near his home, afraid children might find it, but had not contacted police when he found it. Leyh was arrested for possession of marijuana, in violation of Iowa Code section 124.401(5) (2018).

Leyh entered a written guilty plea on March 14. Among other provisions, Leyh's written plea includes the following statement:

> 3. I admit that on or about the 16th day of February, 2018, while in Fayette County, Iowa, I did the following things that constitute the criminal offense:
> a. I knowingly and intentionally possessed a controlled substance, to wit: marijuana,
> b. Knowing that such substance was in fact marijuana.

On March 16, the court accepted Leyh's plea and imposed sentence of a $100 fine plus surcharges.[1]

Leyh appeals.

## II.     Scope & Standard of Review

"We review ineffective-assistance-of-counsel claims de novo." *State v. Gines*, 844 N.W.2d 437, 440 (Iowa 2014). "To establish his claim of ineffective assistance of counsel, [a defendant] must demonstrate (1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "If trial counsel permits a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is no factual basis to support the defendant's guilty plea, trial counsel breaches an essential duty." *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). "Prejudice in such a case is inherent." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). The record "need only demonstrate facts that support the offense," it does not need to prove guilt beyond a reasonable doubt. *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010).

## III.     Merits

Leyh's sole allegation regarding the factual basis for his conviction is the lack of lab confirmation the green leafy substance found in a bag in his wallet was

---

[1]   We note Leyh's written plea, provided by his attorney, incorrectly stated the maximum punishment as a fine of $1875 and one year in jail plus surcharges. The correct maximum punishment is a $1000 fine plus surcharges, six months in jail, and license revocation. Iowa Code § 124.401(5). The minimum punishment stated was correct. However, Leyh has made no claim on appeal regarding the adequacy of his plea. The sentence of a fine of $100, surcharges, and suspended license is only available under the correct punishment range, Leyh benefited from the dismissal of traffic charges, and there is no prejudice.

marijuana. He claims this is of particular relevance due to his explanation he had picked the bag up off the ground intending to dispose of it. We look to the entire record available to the court when it accepted the guilty plea, including Leyh's written guilty plea and the minutes of testimony. *See State v. Sutton*, 853 N.W.2d 284, 286 (Iowa Ct. App. 2014) (relying on statements from the written plea, minutes of testimony, and law enforcement investigative reports to find a factual basis).

The State is not required to test the purported drug, but it must have sufficient circumstantial evidence to find the substance is an illegal drug. *State v. Brubaker*, 805 N.W.2d 164, 172 (Iowa 2011). The minutes of testimony, as well as Leyh's written admission, sufficiently demonstrate facts to support the offense of possession of marijuana.

In Leyh's written plea he admitted to knowingly and intentionally possessing the substance and knowing it was marijuana. The police reports submitted indicate the officer searching Leyh's vehicle detected "a light odor of marijuana." The officer then advised Leyh a small bag of marijuana had been found and asked if it was his. Leyh then advised the officer he had picked up the bag so children could not get it. Leyh's reasoning indicates his belief the green leafy substance was marijuana.

The minutes and the written guilty plea establish an adequate factual basis to support the crime of possession of marijuana. Accordingly, Leyh's attorney did not breach an essential duty in allowing him to plead guilty and then failing to file a motion in arrest of judgment challenging the factual basis for the plea. We affirm the judgment and sentence imposed by the district court.

**AFFIRMED.**