# IN THE COURT OF APPEALS OF IOWA

No. 19-0506
Filed April 29, 2020

**ROGER ALLEN ROUSE,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.

_____

Appeal from the Iowa District Court for Clay County, David A. Lester, Judge.

Roger Allen Rouse appeals the denial of his application for postconviction relief. **AFFIRMED.**

Jennifer Bennett Finn of Pelzer Law Firm, LLC, Estherville, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

In this appeal from the district court's denial of postconviction relief, Roger Allen Rouse argues his plea attorney was ineffective in (A) "allowing [him] to plead guilty without a valid waiver of his right to plead in open court" and (B) "allowing [him] to plead guilty since his guilty plea was involuntary."

## I.    *Background Proceedings*

The State charged Rouse with the class "D" felony of domestic abuse assault, third or subsequent offense.  Rouse entered a written guilty plea to the serious misdemeanor crime of assault causing bodily injury.  The plea included the following paragraph: "I (do)(do not) waive my right to enter this plea of guilty in open court pursuant to Iowa Rule of Procedure 2.8(2)(b)(5).  I (do)(do not) waive my right to appear at sentencing."  Neither "do" nor "do not" were circled.

The district court did not conduct an in-court colloquy with Rouse.  The court found Rouse "waiv[ed] right to appear in open court," imposed judgment of conviction and sentence on the misdemeanor, suspended all but seven days of the sentence, and placed Rouse on probation.

Rouse filed a direct appeal.  This court found a factual basis for the plea and affirmed his conviction.  *See State v. Rouse*, No. 16-0788, 2016 WL 7393944, at *1–2 (Iowa Ct. App. Dec. 21, 2016).  We preserved "for possible postconviction-relief proceedings" his claim that "counsel provided ineffective assistance in permitting him to plead guilty without a valid waiver of his right to plead guilty in open court and address the court in mitigation of sentencing."  *Id.*

Rouse filed a postconviction-relief application alleging in part that his plea attorney "badger[ed]" him into a "plea bargain" even though he told him "no I am

not guilty." At the postconviction hearing, Rouse's attorney framed the issues for decision as follows: (1) Rouse did not waive "his right to appear in open court and his right to enter his guilty plea there, to be present for his sentencing" and (2) the plea was "not a knowing and voluntary plea." Both issues were raised under an ineffective-assistance-of-plea-counsel rubric. As noted, the district court denied the application, and this appeal followed.

## II.    Analysis

To succeed on his ineffective-assistance-of-counsel claims, Rouse must prove deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice in the plea context, an applicant must demonstrate "a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *State v. Petty*, 925 N.W.2d 190, 196 (Iowa 2019) (quoting *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006)). Our review of the record is de novo. *State v. Majors*, 940 N.W.2d 372, 386 (Iowa 2020).

**A.**    Iowa Rule of Criminal Procedure 2.8(2)(b) requires a court to "address the defendant personally in open court" but permits waiver of the procedure "in a plea of guilty to a serious or aggravated misdemeanor." In *State v. Sutton*, 853 N.W.2d 284, 294 (Iowa Ct. App. 2014), the court of appeals concluded:

> Rule 2.8(2)(b) and the applicable case law give the court the discretion to waive an in-person colloquy with a defendant, with defendant's approval, so long as a written guilty plea adequately provides the court sufficient information from which the court can make a finding that the plea is voluntarily and intelligently tendered, and that the court finds there is a factual basis for the plea. For us to rule otherwise would effectively deny the court the exercise of

> discretion the rule expressly provides. Because no in-person colloquy is required in serious and aggravated misdemeanor cases, we conclude the requirement that a defendant understand "[t]he nature of the charge to which the plea is offered" *can* be satisfied by a written guilty plea.

The court clarified, however, that a written guilty plea would suffice in serious and aggravated misdemeanor cases only if the defendant waived an in-person colloquy. *Sutton*, 853 N.W.2d at 288-89; *see also State v. Ditsworth*, No. 14-1475, 2015 WL 4233025, at *2 (Iowa Ct. App. July 9, 2015) (concluding counsel "breached an essential duty in failing to challenge the absence of an in-court colloquy where there was no waiver of presence contained in the written guilty plea form").

The postconviction court found Rouse's purported waiver of an in-person colloquy was equivocal. The court concluded his plea attorney "breached an essential duty" in "failing to ensure that Rouse's written guilty plea clearly stated whether or not he was waiving his right to enter his plea of guilty in open court, as well as his right to appear at sentencing." On our de novo review, we agree with the court's conclusion. Without a circle around "do," the phrase "I (do)(do not) waive" failed to convey Rouse's intent to forego an in-person colloquy with the court. Counsel had a duty to ensure his client's intent was clear.

We turn to the prejudice prong of the *Strickland* test. On this prong, Rouse contends he "would have been unable to provide the district court with a factual basis for the guilty plea." But, as the postconviction court noted, this court found a factual basis for the plea from the minutes of testimony. *See Rouse*, 2016 WL 7393944, at *1. At the postconviction-relief hearing, Rouse did little to controvert the specific assertions in the minutes. Although he maintained his innocence, his

bare allegation that he did not commit the crime was insufficient to establish a reasonable probability that he would have insisted on going to trial but for counsel's failure to ensure a proper waiver of his presence at a guilty plea proceeding and at sentencing. *See Blue v. State*, No. 16-2201, 2017 WL 4050248, at *2 (Iowa Ct. App. Sept. 13, 2017) ("Although Blue made a few statements during his testimony at the PCR hearing that he would have insisted on going to trial if he knew there was a chance his confession could be suppressed, these self-serving statements are not enough to establish prejudice." (citing *Kirchner v. State*, 756 N.W.2d 202, 206 (Iowa 2008))); *cf. Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018) ("For an applicant to succeed on a freestanding actual-innocence claim, the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence . . . .").

Also on the prejudice prong, Rouse asserts that, had he been allowed to appear for an in-person colloquy, he would have established his inability to reimburse the State for court-appointed attorney fees and investigator expenses. As noted, *Strickland* prejudice gauges the probability of going to trial versus acceptance of a plea. We are not persuaded Rouse's ability-to-pay argument furthers that analysis. *See State v. Root*, No. 03-1941, 2004 WL 2173422, at *4 (Iowa Ct. App. Sept. 29, 2004) (noting defendant's assertion that he may have received a less severe sentence was "insufficient to demonstrate prejudice" and stating the defendant did "not assert he would have insisted on going to trial"). In any event, Rouse addressed his ability to pay in his written guilty plea, attesting he

would "be able to pay all financial obligations imposed herein pursuant to a court approved payment plan."[1] And at the postconviction hearing, he testified he was "mak[ing] a $50 payment" on his cost obligation "[e]ach month." While he also stated he "barely g[o]t a meal to eat a day because of all of this crap," he did not deny understanding what the costs might be to him at the time he entered the plea. In his words, he "figured, hey, I'll live another day."

At the end of the day, Rouse conceded his plea agreement reduced his exposure to incarceration from a prison term not exceeding five years with a one-year mandatory minimum to a seven-day jail sentence. And he conceded his attorney explained the maximum time he could face behind bars. In light of the significant reduction in the time he would serve, we conclude there is no reasonable probability he would have forgone the plea agreement and proceeded to trial. *See id.* ("Further, given Root's favorable plea agreement, which reduced four felony counts to misdemeanor charges, and the amount of evidence the State had against him, it is unlikely he would have changed his decision to enter a plea of guilty.").

---

[1] Under recent precedent, the assessment of court-appointed attorney fees and investigator expenses must await the filing of a final restitution plan. *See State v. Albright*, 925 N.W.2d 144, 162 (Iowa 2019) ("Once the court has all the items of restitution before it, then and only then shall the court make an assessment as to the offender's reasonable ability to pay."); *see also State v. Petty*, 925 N.W.2d 190, 197 (Iowa 2019) ("In *Albright*, we clarified that certain items of restitution are subject to a reasonable-ability-to-pay determination. We also clarified that a plan of restitution is not complete until the sentencing court issues the final restitution order. Finally, we emphasized that a final restitution order must take into account the offender's reasonable ability to pay certain items of restitution." (citations omitted)).

***B.*** Rouse next claims his plea was involuntary. *See State v. Speed*, 573 N.W.2d 594, 597 (Iowa 1998) ("Fundamental due process requires a guilty plea be voluntary and intelligent."). He asserts he "felt badgered into pleading guilty." The postconviction court concluded Rouse's evidence fell "well short of establishing that [his attorney] in any way threatened, coerced, or intimidated [him] in order to get him to sign the written guilty plea." On our de novo review of the record, we agree with this conclusion.

Rouse's attorney testified he did not "remember badgering [Rouse]" but he did "remember having a very frank conversation with him about what the mandatory minimum requirements would be if the court were to convict him of the domestic as it was currently charged." While acknowledging that Rouse "was adamant . . . that he wanted to take the stand and testify," he stated Rouse would not "have done well in front of a jury" because he had "problems articulating himself." He testified, "[I]t worried me that he wouldn't stay focused on the stand if he took the stand and that it would really hurt the case." Counsel "was not overly positive or optimistic about the chances of . . . surviving a trial without a conviction." Nonetheless, counsel testified, "I always tell my clients, at the end of the day, whatever you do is your decision. I'll have a trial if you want to have a trial, and that's your right and your choice."

The postconviction court found the same problems during the postconviction hearing that Rouse's attorney feared—inarticulate and unfocused testimony. We agree with the court's characterization. Although it is clear Rouse wanted to go to trial, we also agree Rouse's attorney did not coerce him to forego the option but, instead, strategically "encouraged his client to accept" what was "a

very favorable plea offer from the State." Counsel did not breach an essential duty in failing to challenge the plea as involuntary.

We affirm the denial of Rouse's postconviction-relief application.

**AFFIRMED.**