# IN THE COURT OF APPEALS OF IOWA

No. 14-1959
Filed August 17, 2016

**GERALD LEE BOCIAN,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.

 Applicant appeals from the dismissal of his application for postconviction relief. **AFFIRMED.**

 Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellant.

 Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

 Considered by Potterfield, P.J., McDonald, J., and Blane, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

Gerald Bocian appeals from a district court order denying his application for postconviction relief. Bocian asserts the district court erred in granting the State's motion for summary judgment on his claim that his trial counsel was ineffective by allowing him to plead guilty despite an absence of a factual basis for the plea. Bocian further asserts his counsel's ineffectiveness led to a plea that was unknowing and involuntary.

In March 2012, Bocian was charged by trial information with six counts of indecent contact with a child in violation of Iowa Code section 709.12 (2011). In July 2012, he entered signed, written guilty pleas to two counts of indecent contact with a child, with four counts being dismissed as part of a plea agreement. He also reviewed and signed the proposed sentencing orders. On each plea count, he was sentenced to serve 365 days in jail, of which 197 days were suspended. The sentences were ordered to run concurrently. On one of the counts, he was sentenced to probation, which was to follow his jail sentence. He was also sentenced to a ten-year special sentence under Iowa Code section 903B.2, and this parole began immediately on the count for which no probation was imposed.

In March 2013, Bocian filed an application for postconviction relief. The State responded, eventually filing a motion for summary judgment under Iowa Code section 822.6. The district court granted the State's motion for summary judgment as to Bocian's claim that his trial counsel was ineffective for allowing him to plead guilty where there was no factual basis to support the plea. The court denied the State's motion as to Bocian's claim that his trial counsel failed to

advise him about the application of the State's evidence to the elements of the charged crimes, thus leading to a plea that was unknowing and involuntary.

Trial was held on Bocian's remaining claim in November 2014. Following trial, the district court ruled against Bocian on this remaining claim and dismissed Bocian's petition. He filed this timely appeal.

## A. Factual Basis Claim

Bocian first asserts his counsel was ineffective for allowing him to plead guilty without a factual basis to support his plea. We review such claims de novo. *Rhoades v. State*, 848 N.W.2d 22, 26 (Iowa 2014). To prevail on either of his ineffective-assistance claims, Bocian must prove by a preponderance of evidence (1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). If his trial counsel permitted him to plead guilty and waived his right to file a motion in arrest of judgment when there was no factual basis to support Bocian's guilty plea, his trial counsel breached an essential duty. *See State v. Philo*, 697 N.W.2d 481, 485 (Iowa 2005). Under such circumstances, we presume prejudice. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

Bocian contends the forms he signed pleading guilty and waiving his rights in this case did not provide an adequate factual basis to support his pleas. He states those documents did nothing more than recite conclusory form language, which, he argues, is insufficient. *See State v. Finney*, 834 N.W.2d 46, 56 (Iowa 2013) ("[T]he mere conclusory admitting of guilt at the plea colloquy, along with the prior recitation of the county attorney's information, was insufficient to support the plea."). The factual basis for the plea "must be identified and disclosed on

the record." *Id.* at 61.  Written guilty pleas can satisfy these requirements.  *See* Iowa R. Crim. P. 2.8(2)(b); *State v. Sutton*, 853 N.W.2d 284, 294 (Iowa Ct. App. 2014).  Bocian argues his counsel was ineffective in allowing him to plead guilty with an inadequate factual basis for his plea.

Upon our de novo review, we disagree.  The forms Bocian completed required him to make a written statement of what he "actually did."  The statement of what Bocian "actually did" does mirror the statutory language, as Bocian argues, but that alone does not suffice to render it insufficient to establish a factual basis for his plea.  Moreover, the district court's review is not limited to these documents; it is free to examine to entire record before it and inquire as to the objective factual basis for a guilty plea.  *See State v. Gary*, No. 14-1087, 2015 WL 5278976, at *5 (Iowa Ct. App. Sept. 10, 2015) (discussing *Finney*).  In looking at the entire record, including the minutes of testimony, it is clear to us Bocian's guilty pleas were established by a sufficient factual basis.  Because there was a sufficient factual basis to support the pleas, Bocian's counsel was not ineffective in allowing him to enter those pleas.

### B.  Knowing and Voluntary Claim

Bocian next asserts his counsel was ineffective for misadvising him as to the length of his special sentence.  Our standard of review remains de novo. *See Rhoades*, 848 N.W.2d at 26.  Bocian specifically contends he was informed by his counsel that his special-sentence parole would begin after one year of probation and that his special sentence would be cut in half, and then reduced by twenty percent for "good time," resulting in a special sentence of four years and

eight months. Bocian states he was not informed of the difference between probation and parole.

Bocian has a right to be informed of his special sentence. *See State v. Hallock*, 765 N.W.2d 598, 606 (Iowa 2009). From our de novo review of the record, we find he was adequately informed. His trial counsel credibly testified at trial in this matter. That testimony included discussion of the information counsel gave Bocian in preparation for his plea and sentencing, which included statements about the interplay between probation and special sentence parole. The sentencing orders themselves plainly set forth the duration of the special sentence. Bocian acknowledges reading and signing the documents containing the special sentence information. For these reasons, his counsel was not ineffective because his counsel did not breach an essential duty.

**AFFIRMED.**