# IN THE SUPREME COURT OF IOWA

No. 88 / 05-0290

Filed September 15, 2006

**STATE OF IOWA,**

    Appellant,

vs.

**LISA RENAE MAJERES,**

    Appellee.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Plymouth County, Robert J. Dull, District Associate Judge.

Majeres seeks further review of a court of appeals opinion holding that an uncounseled guilty plea can be used to enhance a subsequent offense. **DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, Darin J. Raymond, County Attorney, and Amy K. Oetken, Assistant County Attorney, for appellant.

Timothy J. Kramer of Waagmeester Law Office, P.L.C., Rock Rapids, for appellee.

**WIGGINS, Justice.**

The district court held the State could not use an uncounseled guilty plea to a prior misdemeanor to enhance a subsequent offense to operating while intoxicated (OWI), third offense where the court imposed incarceration as part of its sentence on the prior offense without an in-court colloquy. Our court of appeals reversed the district court's ruling. Because the defendant's written guilty plea in the prior proceeding met the requirements of the Sixth Amendment to the United States Constitution and article I, section 10 of the Iowa constitution, we affirm the decision of the court of appeals, reverse the judgment of the district court, and remand the case for further proceedings consistent with this opinion.

## I. Background Facts and Proceedings.

A Le Mars police officer stopped a vehicle Lisa Renae Majeres was driving after observing her commit multiple traffic infractions. After failing several field sobriety tests, she was arrested and taken to jail. There Majeres provided a breath sample revealing a breath alcohol concentration of .236. The State charged Majeres with OWI, third offense, a class "D" felony.

Majeres had previously been convicted of OWI, first offense, in March 2000 in Woodbury County and OWI, second offense, in November 2001 in Sioux County. She had an attorney in connection with her guilty plea to the Woodbury County offense. The Sioux County offense was an aggravated misdemeanor. Instead of retaining an attorney for the Sioux County offense, she signed a plea agreement and written plea of guilty at the county attorney's office.

The written plea of guilty stated Majeres acknowledged the charge against her as OWI, second offense; her right to counsel; her right to plead

not guilty; the attendant rights of trial; the maximum and minimum sentences; and that her plea was being made intelligently and voluntarily. The county attorney presented the plea to the district court without Majeres' presence. Consequently, she never engaged in an in-court colloquy with a judge concerning her plea. The court accepted her guilty plea, entered a judgment of conviction, and as part of her sentence required her to be incarcerated for seven days.

In this case, Majeres claims the State cannot use the uncounseled Sioux County offense for which she was incarcerated to enhance the present charge to OWI, third offense. The district court agreed with Majeres' claim.

The State filed a notice of appeal. We treated the notice as an application for discretionary review and granted the application. We transferred the case to our court of appeals. Our court of appeals reversed the district court's ruling. We granted Majeres' application for further review.

## II. Issue.

It has previously been determined under the federal constitution that a court may use prior uncounseled misdemeanor convictions where no prison terms are imposed to enhance a subsequent conviction. *Nichols v. United States*, 511 U.S. 738, 748-49, 114 S. Ct. 1921, 1928, 128 L. Ed. 2d 745, 755 (1994). We have found the Iowa constitution to be in line with the federal constitution in this respect. *State v. Allen*, 690 N.W.2d 684, 690 (Iowa 2005). We have not decided if a court, in order to enhance a subsequent conviction, may use prior uncounseled misdemeanor convictions where the court imposed incarceration as part of its sentence without an in-court colloquy. The State raises this issue in its appeal.

### III.  Scope of Review.

This appeal implicates constitutional claims under the state and federal constitutions.  *Allen*, 690 N.W.2d at 687; *State v. Moe*, 379 N.W.2d 347, 350 (Iowa 1985).  We usually review constitutional claims de novo. *Allen*, 690 N.W.2d at 687.  However, where there is no factual dispute and the only issue is whether a court may constitutionally use a prior uncounseled misdemeanor conviction to enhance a subsequent crime, our review is for the correction of errors at law.  *Id.*

### IV.  Analysis.

The Sixth Amendment to the United States Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defense."  U.S. Const. amend. VI.  Article I, section 10 of the Iowa constitution also provides an accused with the right to the assistance of counsel.  Iowa Const. art. I, § 10.  Iowa's right-to-counsel guarantee affords no greater protection than the federal constitution regarding the use of prior uncounseled misdemeanor convictions; therefore, we will limit our discussion to Majeres' federal constitutional claim.  *Allen*, 690 N.W.2d at 690-92.

At all critical stages of the criminal process, the Sixth Amendment affords an accused facing incarceration the right to counsel.  *Iowa v. Tovar*, 541 U.S. 77, 80-81, 124 S. Ct. 1379, 1383, 158 L. Ed. 2d 209, 215 (2004).  Entry of a guilty plea, regardless of whether the plea is to a misdemeanor or a felony charge, "ranks as a 'critical stage' at which the right to counsel adheres."  *Id.* at 81, 124 S. Ct. at 1383, 158 L. Ed. 2d at 215.  Although a defendant has such a right to counsel, a defendant can choose to waive the right to counsel.  *Id.* at 87, 124 S. Ct. at 1387, 158 L. Ed. 2d at 219-20.  A waiver of the right to counsel requires that a defendant do so knowingly and

intelligently with sufficient awareness of the relevant circumstances. *Id.* at 81, 124 S. Ct. at 1383, 158 L. Ed. 2d at 215. A defendant requires less rigorous warnings as to the waiver of plea counsel than for the waiver of trial counsel. *Id.* at 90, 124 S. Ct. at 1388, 158 L. Ed. 2d at 221.

Accordingly, a prior uncounseled guilty plea to a misdemeanor charge where the court imposed incarceration as part of its sentence can be used to enhance a subsequent offense if the defendant knowingly and intelligently with sufficient awareness of the relevant circumstances waived the right to counsel in the prior proceeding. Thus, the determinative factor in this appeal is whether Majeres knowingly and intelligently with sufficient awareness of the relevant circumstances waived the right to counsel in the Sioux County proceeding. It is the defendant's burden to prove he or she did not competently and intelligently waive the right to counsel when collaterally attacking a prior uncounseled conviction. *Id.* at 92, 124 S. Ct. at 1390, 158 L. Ed. 2d at 223; *see also Parke v. Raley*, 506 U.S. 20, 31, 113 S. Ct. 517, 524, 121 L. Ed. 2d 391, 405 (1992) (stating the proof burden is on the defendant in view of "the presumption of regularity that attaches to final judgments").

When a defendant waives the right to counsel and enters a plea of guilty, the Sixth Amendment is satisfied by the trial court informing the defendant "of the nature of the charges against [the defendant], of [the defendant's] right to be counseled regarding his [or her] plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." *Tovar*, 541 U.S. at 81, 124 S. Ct. at 1383, 158 L. Ed. 2d at 216. The information a defendant needs to waive counsel intelligently depends on the particular facts and circumstances surrounding each case. *Id.* at 88, 124 S. Ct. at 1387, 158 L. Ed. 2d at 220.

At the time Majeres entered her guilty plea, our rule allowed a defendant, when pleading guilty to a serious or aggravated misdemeanor, to waive the defendant's appearance in open court to engage in an in-court colloquy. Iowa R. Crim. P. 8(2)(*b*) (2001) (amended Nov. 9, 2001, eff. Feb. 15, 2002; amended Dec. 22, 2003, eff. Nov. 1, 2004).[1] In the Sioux County case, Majeres signed a written plea of guilty without counsel. In that written plea, she acknowledged the charge against her as OWI, second offense; her right to counsel; and the maximum and minimum sentences. Thus, her written plea met the informational requirements under *Tovar* to waive the right to counsel and plead guilty. An in-court colloquy is not necessary to ensure the waiver was voluntary, knowing, and intelligent. *See Tovar*, 541 U.S. at 87-88, 124 S. Ct. at 1387, 158 L. Ed. 2d at 220 (stating the Court has not "prescribed any formula or script to be read to a defendant" in regards to the intelligence of waiving the right to counsel). A written guilty plea containing such a waiver is prima facie evidence the defendant gave the waiver voluntarily, knowingly, and intelligently. *See State v. Liddell*, 672 N.W.2d 805, 811 (Iowa 2003) (holding a written waiver of the right to a jury trial is prima facie evidence the waiver was voluntary, knowing, and intelligent).

Majeres failed to meet her burden of proving she did not voluntarily, knowingly, and intelligently waive her right to counsel in the Sioux County proceeding. In the present case, Majeres testified she did not have the money for an attorney and decided not to apply for court-appointed counsel in the Sioux County proceeding. When questioned why she did not apply for court-appointed counsel, she responded, "I didn't feel I wanted one or needed one." Prior to entering her plea of guilty in that case, Majeres

---

[1] This rule is now renumbered as Iowa Rule of Criminal Procedure 2.8(2)(*b*).

obtained a copy of the police report and reviewed it. She acknowledged there was nothing in the police report that led her to believe she wanted to speak to an attorney prior to entering her guilty plea. She further testified she was comfortable in proceeding on her own without an attorney.

Consequently, the district court may use Majeres' uncounseled guilty plea to the OWI, second offense, in Sioux County to enhance the offense in this case, even though the court imposed incarceration as part of its sentence without an in-court colloquy.

### V. Conclusion and Disposition.

The defendant's written guilty plea in the prior proceeding met the requirements of the Sixth Amendment to the United States Constitution and article I, section 10 of the Iowa constitution. Accordingly, the prior uncounseled plea to a misdemeanor that resulted in incarceration may be used to enhance the offense in the present criminal proceeding. Therefore, we affirm the decision of the court of appeals, reverse the judgment of the district court, and remand the case for further proceedings consistent with this opinion.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**