ZAGER, Justice
(concurring specially).
I too would vacate Young’s enhanced sentence predicated on her prior, uncoun-seled plea to a simple misdemeanor. Further, I would follow Justice Mansfield’s special concurrence’s reasoning and vacate the sentence based on Iowa Rule of Criminal Procedure 2.61(2), which by its plain language answers the question: “In cases where the defendant faces the possibility of imprisonment, the court shall appoint counsel for an indigent defendant....” I write separately to emphasize the need for district courts to adequately inquire into and document both the State’s intentions of requesting imprisonment and a defendant’s intention to waive counsel.
In this case, the record is devoid of any record of the initial appearance for the prior misdemeanor. Correspondingly, it is devoid of any record of the State’s intentions of requesting imprisonment or whether the right to counsel was communicated to the defendant.[4] As our rules properly note, an important inquiry at this stage of the criminal proceedings is whether the State will be requesting imprisonment because of the charge. See Iowa R.Crim. P. 2.61(2); accord State v. Majeres, 722 N.W.2d 179, 182 (Iowa 2006) (“At all critical stages of the criminal process, the Sixth Amendment affords an accused facing incarceration the right to counsel.” (Emphasis added.)). If the State will be requesting imprisonment, the right to counsel attaches. If not, it doesn’t. This fact is readily determined through judicial inquiry of the State and should be noted in the initial appearance record.
Likewise, even if the right to counsel attaches, a defendant may waive his or her right to be represented by counsel. Ma-jeres, 722 N.W.2d at 182 (“Although a defendant has such a right to counsel, a defendant can choose to waive the right to counsel.”). As with the State’s intention to pursue imprisonment, a defendant’s intention to waive the right to counsel can be readily determined by the district court communicating that right to the defendant *286 and asking: “Do you want to waive your right to counsel?” This fact should also be noted in the initial appearance record.
While I am confident the district court made these inquiries when the defendant appeared for her initial appearance, we have no record of this. Consequently, this case highlights the need for district courts to inquire into and document both the State’s intention to request imprisonment and a defendant’s intention to waive counsel. As this case illuminates, failure to do so can significantly affect future prosecutions. On the other hand, the simple step of inquiring into and documenting these matters ensures that enhanced sentences are upheld on appeal when otherwise appropriate.
WATERMAN and MANSFIELD, JJ, join this special concurrence.

. Here, we deal with the right to counsel in the context of a simple misdemeanor. Of course, attachment of the right to counsel is different when a defendant is charged with an indictable offense. See State v. Nelsen, 390 N.W.2d 589, 591 (Iowa 1986) (holding when the right to counsel attaches depends on when adversary proceedings are "commenced” by reference to state law). In either case, however, a defendant may waive his or her right to counsel. See State v. Majeres, 722 N.W.2d 179, 182 (Iowa 2006) ("Although a defendant has such a right to counsel, a defendant can choose to waive the right to counsel.”).