# IN THE COURT OF APPEALS OF IOWA

No. 15-1604
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**EARL DAVID COLTON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Nathan A. Callahan, District Associate Judge.

Earl David Colton appeals from his conviction following a guilty plea for operating while intoxicated and possession of marijuana. **AFFIRMED.**

Shawn Smith of Shawn Smith, Attorney at Law, PLLC, Ames, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

Earl David Colton appeals from his conviction following a guilty plea for operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (2015), and possession of marijuana, first offense, in violation of section 124.401(5). Colton asserts his waiver of the right to have an attorney at the guilty plea hearing was not knowing, voluntary, and intelligent. Because we find Colton waived the right to challenge the validity of his guilty plea, as well as that he knowingly, voluntarily, and intelligently waived his right to counsel, we affirm.

Before reaching Colton's argument regarding his waiver of the right to an attorney, we first consider whether Colton's waiver of time for sentencing and corresponding failure to file a motion in arrest of judgment precludes his appeal.

Iowa Rule of Criminal Procedure 2.24(3)(a) provides, "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." However, rule 2.24(3)(a) does not apply if the trial court fails to "inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." Iowa R. Crim. P. 2.8(2)(d). "We employ a substantial compliance standard in determining whether a trial court has discharged its duty under rule 2.8(2)(d)." *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006).

At a hearing held August 27, 2015, Colton pled guilty to operating while intoxicated, first offense, and possession of marijuana, first offense, after waiving

his right to counsel. Colton then waived time for sentencing following the court's colloquy:

> THE COURT: Now, once your guilty plea has been accepted by the court—and I just accepted your guilty pleas to each of these charges. Once that happens, there are some other rights that kick in. You don't have to ask for them. They're automatic.
>
> You automatically have the right to a delay in sentencing. And in fact, I can't do your sentencing today unless you waive your right to a delay in sentencing and request that we just go forward. So do you want to come back later for a sentencing hearing on another date, or do you want to take care of it today?
>
> THE DEFENDANT: I want to take care of it today, your Honor.
>
> THE COURT: All right. One of the reasons for that delay has to do with the guilty plea that I just accepted. If for any reason you wanted to take the guilty plea back—for instance, if you thought I did something wrong or you changed your mind or any other reason—there is only one way you can take a guilty plea back. And that's by filing a written motion with the court. Do you understand that?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: What you need to know today is that a motion to withdraw a guilty plea has to be on file before a sentencing hearing takes place. So we can go forward and do your sentencing hearing today, but one of the consequences will be you will never have a chance to withdraw your guilty plea. It will be good forever. Do you understand that?
>
> THE DEFENDANT: I understand.
>
> THE COURT: Is that what you want to do?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right. I'm going to accept that waiver as well. And that would also constitute a waiver of the defendant's right to appeal the taking of his plea.

The court then proceeded to sentencing.

Colton argues he was not properly informed pursuant to rule 2.8(2)(d) because the trial court failed to explicitly refer to a motion in arrest of judgment, instead referring to a "written motion" or "motion to withdraw a guilty plea."

In *State v. Taylor*, our supreme court found substantial compliance with rule 2.8(2)(d) where "[t]he court informed [the defendant] that waiving time for

sentencing would prevent him from subsequently questioning the validity of his plea, and defendant said he understood that," although the plea court failed to explain the procedural details. 301 N.W.2d 692, 693 (Iowa 1981). The determinative issue is whether the defendant understood "waiving time for sentencing would foreclose a subsequent challenge to the validity of his guilty plea." *Id.*

Although it did not explicitly contain the "motion in arrest of judgment" language, the court's colloquy in this case was sufficient to ensure Colton understood waiving time for sentencing would preclude a subsequent challenge of his guilty plea on appeal. *See Straw*, 709 N.W.2d at 132 ("Instead of quoting rule 2.8(2)(d) verbatim, the court performed its duty commendably by using plain English to explain the motion in arrest of judgment."). Thus, the court substantially complied with rule 2.8(2)(d), and Colton waived his ability to challenge the guilty plea on direct appeal.[1]

Even if Colton's challenge to the guilty plea was appealable, it would not prevail. Colton contends his waiver of the right to an attorney was not knowing, voluntary, and intelligent under the Sixth Amendment of the United States Constitution or article I, section 10 of the Iowa Constitution because he was not specifically advised of his right to be counseled regarding his plea, and because the court incorrectly informed him that he "made enough," his application for

---

[1] The facts in this matter are distinguishable from those in *State v. Fisher*, ___ N.W.2d ___, ___, 2016 WL 1391874 (Iowa 2016), because the colloquy conducted by the court in this case indicated that in waiving time for sentencing Colton was giving up his ability to contest or withdraw the plea in the future. *See Fisher*, 2016 WL 1391874, at *4-5.

court-appointed counsel was denied, and he would have to hire an attorney if he wished to be represented.

"Entry of a guilty plea . . . ranks as a critical stage at which the right to counsel adheres." *State v. Majeres*, 722 N.W.2d 179, 182 (Iowa 2006) (internal citation omitted). However, "[a] defendant requires less rigorous warnings as to the waiver of plea counsel than for the waiver of trial counsel." *Id.*

> When a defendant waives the right to counsel and enters a plea of guilty, the Sixth Amendment is satisfied by the trial court informing the defendant "of the nature of the charges against [the defendant], of [the defendant's] right to be counseled regarding his [or her] plea, and of the range of allowable punishments attendant upon the entry of a guilty plea."

*Id.* (citing *Iowa v. Tovar*, 541 U.S. 77, 80 (2004)).

The trial court informed Colton of the nature of the charges, his right to be counseled throughout the proceedings and the services counsel could provide, and the range of allowable punishments. Specifically, the court informed Colton, "[D]o you understand that you're entitled to have a lawyer represent you in this case?" Colton answered, "Yes I do." Because the record reflected that Colton had previously applied for court-appointed counsel in this action and had been denied counsel, the court inquired if Colton's "income circumstances" remained the same. Colton responded, "Yes they are." The court then informed Colton that if he wanted an attorney he would have to hire one, and again Colton affirmatively indicated his understanding. The court then explained the benefits of counsel—to investigate defenses, negotiate with the State, represent him in court, and make recommendations to the court—to which Colton stated that he

understood. Then upon asking if he wanted to waive counsel and "le[t] go of all" of those services, Colton said, "Yes I do."

We acknowledge it would have been better to invite Colton to apply for counsel again if he so chose, but clearly Colton was familiar with the process as he had previously applied, and he commented that he had court-appointed counsel in an earlier case when he had less income. We conclude Colton was provided the requisite information to allow for his knowing, voluntary, and intelligent waiver of the right to counsel and was not misinformed by the court.[2]

Additionally, we decline Colton's request to interpret the Iowa Constitution to expand the obligation of the trial court to include two additional admonitions determined to be unnecessary by the United States Supreme Court in *Iowa v. Tovar*. This court has previously declined such a request, explaining:

> [The defendant] invites us to hold that the Iowa Constitution requires prior uncounseled pleas to include all of the admonitions required by *State v. Tovar* and therefore confers a greater right to counsel than the Sixth Amendment.
> . . . In [*State v.*] *Allen*, [690 N.W.2d 684 (Iowa 2005)], our supreme court declined "to interpret the Iowa Constitution to afford more protection than the federal constitution with respect to the use of prior uncounseled misdemeanor convictions." *Id.* at 690. . . . Based on our supreme court's pronouncements in *Allen*, we conclude [the defendant] was not entitled to any more protection than the Sixth Amendment provides. Accordingly, we decline [the defendant]'s invitation to conclude that article 1, section 10 of the Iowa Constitution requires the colloquy set forth in *State v. Tovar* for waiver purposes.

---

[2] As explained by the State in its brief, Colton's application for court-appointed counsel indicated that he worked forty hours a week. Even if he made only minimum wage, Colton's annual income would be $15,120. Colton needed to earn less than one hundred and twenty-five percent of the United States poverty level of $11,880—which is $14,850 per year—to be entitled to court-appointed counsel.

*State v. Njenga*, No. 04-0573, 2005 WL 1397219, at \*1-2 (Iowa Ct. App. June 15, 2005); *see also State v. Hays*, No. 11-0669, 2012 WL 4513885, at \*5-6 (Iowa Ct. App. Oct. 3, 2012) ("[T]he United States Supreme Court in its review of the Iowa Supreme Court's decision in *State v. Tovar*, . . . concluded more specific admonishments were unnecessary under the Sixth Amendment. . . . There is nothing in the Iowa Supreme Court's subsequent opinions that demonstrate the Iowa Constitution should not be interpreted similarly.").

Thus, even if Colton had not waived his right to challenge the validity of his guilty plea on appeal, Colton was provided sufficient information to satisfy the constitutional requirement that his waiver of the right to counsel be knowing, voluntary, and intelligent. Accordingly, we affirm.

**AFFIRMED.**