# IN THE COURT OF APPEALS OF IOWA

No. 16-0074
Filed November 23, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**KEVIN BROWN,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Henry County, Emily S. Dean, District Associate Judge.

　　　　The defendant appeals from his conviction, following a guilty plea. **AFFIRMED.**

　　　　William R. Monroe of the Law Office of William Monroe, Burlington, for appellant.

　　　　Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

　　　　Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Kevin Brown appeals from his conviction, following a guilty plea, for operating while intoxicated. Brown maintains his trial counsel was ineffective for allowing him to plead guilty without the district court making express findings the plea was knowing and voluntary. Brown has the burden to establish both that his trial counsel failed to perform an essential duty and that the failure resulted in prejudice. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We review his claim de novo. *Id.* Counsel does not have a duty to pursue a meritless issue, *see State v. Utter*, 803 N.W.2d 647, 652 (Iowa 2011), so we first consider whether the district court's acceptance of Brown's plea violated Iowa Rule of Criminal Procedure 2.8(2)(b).

Where a defendant is pleading guilty to a serious or aggravated misdemeanor, as Brown did here,[1] the defendant may waive their in-court appearance and colloquy. *See* Iowa R. Crim P. 2.8(2)(b). In the plea signed by Brown, he acknowledged the charge against him as OWI, first offense, and the possible maximum and minimum sentences. He also acknowledged and waived his right to appear in court for a colloquy, as well as his rights to a jury trial and to confront and compel witnesses. Brown's written plea met the necessary informational requirements. *See State v. Majeres*, 722 N.W.2d 179, 183 (Iowa 2006). Because Brown was fully informed of his rights and chose to sign and submit the guilty plea anyway, "[a]n in-court colloquy is not necessary to ensure the waiver was voluntary, knowing, and intelligent." *See id.* (citing *Iowa v. Tovar*,

---

[1] Iowa Code section 321J.2(2)(a) (2015) provides that a first offense of operating while intoxicated is a serious misdemeanor.

541 U.S. 77, 80–81 (2004)). Rather, "[a] written guilty plea containing such a waiver is prima facie evidence the defendant gave the waiver voluntarily, knowingly, and intelligently." *Id.*

Here, the court's acceptance of Brown's guilty plea substantially complied with rule 2.8(2)(b), and any objection by counsel would have been meritless. *See State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003) (stating "we employ a substantial compliance standard in determining whether a trial court has discharged its duty" under rule 2.8(2)). Thus, counsel has not breached an essential duty, and Brown's claim must fail. *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010) (holding that a defendant's ineffective-assistance claim fails if either element is lacking).

**AFFIRMED.**