# IN THE COURT OF APPEALS OF IOWA

No. 16-1139
Filed May 3, 2017

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**SAMUEL LEE HARRIS,**
　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

A defendant appeals his sentence. **AFFIRMED.**

Blake D. Lubinus of Lubinus Law Firm, PLLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

Samuel Harris appeals his sentence following his guilty plea to assault causing bodily injury, in violation of Iowa Code sections 708.1 and 708.2(2) (2015), and child endangerment, in violation of Iowa Code section 726.6(7). Harris claims he was deprived his right to counsel under the state and federal constitutions and his trial counsel was ineffective. We conclude Harris's waiver of his right to counsel at sentencing was voluntary, knowing, and intelligent, and we affirm his sentence. However, because the factual record relevant to Harris's claim of ineffective assistance of counsel is not fully developed, we preserve that claim for a postconviction action.

## I.       Background Facts and Proceedings

On April 21, 2016, the State charged Harris with one count of domestic abuse assault, second offense, and one count of child endangerment. On April 27, Harris pled guilty to one count of assault causing bodily injury and one count of child endangerment. Sentencing was initially set for May 11 but was later continued to June 15.

Initially, Harris was represented by court-appointed counsel who helped him negotiate his plea deal and who appeared with him when his plea was accepted. Prior to the sentencing hearing, Harris signed a written waiver of his right to an attorney. Harris's counsel was not present at the sentencing hearing.[1] After receiving the waiver, the district court entered into a colloquy with Harris:

> THE COURT: Mr. Harris, earlier, you had an attorney appointed to represent you, but it's my understanding that you wish to waive that attorney; is that correct?

---

[1] The record does not reveal why counsel was not present at the sentencing hearing.

MR. HARRIS: Yes, sir.

THE COURT: You signed this written waiver of attorney, the form I'm showing you right now (indicating).

MR. HARRIS: Yes, sir.

THE COURT: You signed that today; is that correct?

MR. HARRIS: Yes, sir.

THE COURT: Did you read that over?

MR. HARRIS: Yes, sir.

THE COURT: Are all the statements on that form true and correct?

MR. HARRIS: Yes, sir.

THE COURT: Do you understand that you do have a right to have an attorney with you at all stages of your case, including any plea negotiations, a plea, a sentencing, or a trial if there was to be one?

MR. HARRIS: Yes, sir.

THE COURT: Do you understand that if you cannot afford an attorney, one would be appointed for you at State's expense?

MR. HARRIS: Yes, sir.

THE COURT: In fact, that had been done; is that correct?

MR. HARRIS: Yes, sir.

THE COURT: You understand that if you proceed today, you forever give up any opportunity to get an independent opinion as to whether or not it would have been wise to plead guilty given the law and the facts of your case? Do you understand that?

MR. HARRIS: Yes, sir.

THE COURT: In fact, you pled guilty some time ago; is that correct?

MR. HARRIS: Yes, sir.

THE COURT: You understand, though, that sentencing is a critical part of any proceeding?

MR. HARRIS: Yes, sir.

THE COURT: Do you still wish to proceed without a lawyer?

MR. HARRIS: Yes, sir.

THE COURT: Has anyone threatened you with anything or promised you with anything in order to get you to proceed without a lawyer?

MR. HARRIS: No, sir.

The court then sentenced Harris to sixty days in jail on each count to be served concurrently with thirteen days of credit for time served—the exact recommendation agreed to in the plea agreement. Harris appeals.

## II.     Standard of Review

We review claims that a defendant was denied the right to counsel under the state and federal constitutions de novo.  *State v. Majeres*, 722 N.W.2d 179, 181 (Iowa 2006).  In addition, as claims of ineffective assistance of counsel are of a constitutional nature, we review them de novo.  *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).  When a claim of ineffective assistance of counsel is raised on direct appeal, courts must first determine whether the record is adequate to resolve the claim.  *State v. Johnson*, 784 N.W.2d 192, 199 (Iowa 2010).  "If . . . the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim."  *Id.*

## III.     Denial of Right to Counsel

Harris asserts he was denied his right to counsel under the state and federal constitutions because his counsel was not present at sentencing and his waiver of counsel was not voluntary, knowing, and intelligent.  Specifically, Harris argues the district court's colloquy was inadequate to ensure the voluntariness of his waiver.  The State responds the combination of the written waiver and the court's colloquy were sufficient to ensure Harris's waiver was voluntary, knowing, and intelligent.

Both the Sixth Amendment of the United States Constitution and article I, section 10 of the Iowa Constitution provide the accused with the right to counsel when facing criminal prosecution.  The right to counsel applies at critical stages of the criminal process, including sentencing.  *State v. Boggs*, 741 N.W.2d 492, 506 (Iowa 2007).  However, defendants may waive the right to counsel.  *Majeres*,

722 N.W.2d at 182. "A waiver of the right to counsel requires that a defendant do so knowingly and intelligently with sufficient awareness of the relevant circumstances." *Id.*

To ensure a defendant's waiver of the right to counsel is voluntary, knowing, and intelligent, the court is required to engage in a colloquy. *State v. Stephenson*, 608 N.W.2d 778, 782 (Iowa 2000). Whether a colloquy is satisfactory depends on the surrounding circumstances of a case and can vary based on the type of proceeding, the nature of the charges, or the particular features of the defendant. *See Hannan v. State*, 732 N.W.2d 45, 53 (Iowa 2007) ("The surrounding circumstances will determine the sufficiency of a colloquy."); *Majeres*, 722 N.W.2d at 182 ("A defendant requires less rigorous warnings as to the waiver of plea counsel than for the waiver of trial counsel."); *Stephenson*, 608 N.W.2d at 782 ("The degree of inquiry necessary to assure a valid waiver varies with the nature of the offense and the ability of the accused to understand the process."). Thus, our analysis must determine whether Harris knowingly and intelligently with sufficient awareness of the relevant circumstances waived his right to counsel at the sentencing hearing. *See Majeres*, 722 N.W.2d at 182.

In *Hannan*, our supreme court suggested:

A sufficient colloquy will necessarily look into
"the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter."
[State v. Cooley, 608 N.W.2d 9, 15 (Iowa 2000)] (quoting *Von Moltke v. Gillies*, 332 U.S. 708, 724, 68 S. Ct. 316, 323, 92 L. Ed. 309, 321 (1948)). In addition, the defendant must be "admonished as to the usefulness of an attorney at that particular proceeding,

and made cognizant of the danger in continuing without counsel."
*Id.*

732 N.W.2d at 53. Harris claims the sentencing court's colloquy was inadequate because while it discussed his written waiver, it did not ask Harris whether he "understood each and every item contained on the waiver" again and because the court did not admonish him about the "wisdom of appearing for his sentencing hearing without an attorney."

Harris had the benefit of counsel throughout the process prior to the sentencing hearing, including when he entered his guilty plea and was advised, in writing and in person in his discussions with the court that accepted his guilty plea, of the nature of the charges, the possible punishments, and his procedural rights. His waiver of his right to counsel and the court's inquiry into that waiver was exclusively in the context of the sentencing hearing following a negotiated plea agreement. Therefore, the court was not required to inquire into Harris's waiver with the same depth as it would have had Harris been seeking to waive the right to counsel in his plea hearing or at a trial. *See Majeres*, 722 N.W.2d at 182 ("A defendant requires less rigorous warnings as to the waiver of plea counsel than for the waiver of trial counsel.").

At sentencing, among the admonitions contained in the written waiver were, that Harris understood "the nature of the charge[s] and the possible sanctions," "the purpose and assistance an attorney can serve, and the possible adverse consequences of proceeding without the assistance of an attorney." The court confirmed Harris understood his entry of his guilty plea was a proceeding distinct from sentencing. The court inquired about Harris's waiver of

counsel at sentencing, in light of the fact that Harris had counsel previously appear with him. Additionally, the court commented that counsel could provide an independent opinion and that Harris was foregoing that opportunity by proceeding. The court's discussion with Harris regarding his prior plea agreement and the agreed upon sentence indicates Harris understood the process and was fully aware of the crimes he had pled guilty to and the sentencing options available to the court. Based on the totality of the relevant circumstances surrounding Harris's waiver of his right to counsel, we conclude his waiver was voluntary, knowing, and intelligent.

## IV. Ineffective Assistance of Counsel

Harris claims his counsel was ineffective in failing to attend his sentencing hearing and he was prejudiced because he proceeded without her assistance.

The record is completely bare on the reason for Harris's counsel's absence at the sentencing hearing, and neither party provided any insight into possible reasons. Further, the record was not fully developed regarding the prejudice, if any, Harris suffered due to his counsel's absence at the sentencing hearing. Under these circumstances, the best course when facing a claim of ineffective assistance of counsel on direct appeal is to preserve the claim for further development of the factual record in a postconviction action. *See Johnson*, 784 N.W.2d at 198.

## V. Conclusion

Because we conclude Harris's waiver of his right to counsel at sentencing was voluntary, knowing, and intelligent we affirm his sentence. However,

because the factual record relevant to Harris's claim of ineffective assistance of counsel is not fully developed, we preserve that claim for a postconviction action.

**AFFIRMED.**

Vaitheswaran, J., concurs; Danilson, C.J., dissents.

**DANILSON, Chief Judge.** (dissenting)

I respectfully dissent. Harris was represented by court-appointed counsel at the time of the sentencing hearing. Notwithstanding, the record presented to us is completely bare of any explanation for defense counsel's absence. There was no inquiry with Harris or the prosecutor regarding any reason for defense counsel's absence, and there was no inquiry if Harris wanted a continuance of the hearing, if he wanted to discharge his attorney, or if he desired substitute counsel. We do not know if defense counsel was simply five minutes late for the hearing, had a true emergency or health issue, or was derelict in her duties in timely appearing on behalf of Harris. Upon this barren record, I conclude Harris was deprived of his right to counsel by the trial court proceeding with the sentencing hearing in the absence of Harris's court-appointed counsel and would reverse.