# IN THE COURT OF APPEALS OF IOWA

No. 18-0285
Filed November 27, 2019


**DONOVAN F. LINCOLN,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____


Appeal from the Iowa District Court for Louisa County, Michael J. Schilling, Judge.


An applicant appeals from the denial of his postconviction-relief action. **AFFIRMED.**


Thomas Hurd of Greenberg & Hurd, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee State.


Considered by Vaitheswaran, P.J., Potterfield, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BLANE, Senior Judge.**

Donovan Lincoln appeals from the district court's denial of his application for postconviction relief (PCR). In this appeal, he raises the claim his PCR counsel was ineffective for failing to discover and raise the ineffectiveness of his trial counsel. He asserts his trial attorney failed to discover and object to the district court relying in part upon Lincoln's previous conviction, for which he was unrepresented by counsel, of theft in the fifth degree when it denied his request for a deferred judgment on a subsequent charge of theft in the second degree. Because Lincoln's PCR appeal issue was not raised before the district court during the PCR trial and not ruled upon, we find it is not properly before us in this appeal.

## I. Facts and Course of Proceedings.

On September 27, 2012, officers found on Lincoln's property several items that Lincoln knew or should have known had been stolen from a Danville, Iowa, storage facility. The State charged Lincoln by trial information with theft in the second degree, in violation of Iowa Code sections 714.1(4) and 714.2(2) (2012). On August 16, 2013, Lincoln pled guilty as charged in the trial information. In exchange for his plea of guilty, the State agreed to recommend a suspended sentence, with Lincoln remaining free to argue for a deferred judgment. The court ordered a presentence investigation to be completed.

On October 11, the district court sentenced Lincoln to a suspended sentence not to exceed five years. The court also placed Lincoln on five years of probation, suspended the fine and surcharge, and ordered him to pay restitution to the victims. The district court stated that it was imposing a suspended sentence rather than granting Lincoln a deferred judgment "for three reasons primarily":(1)

Lincoln's age; (2) his "prior conviction for theft in January of 2001, a theft in the fifth degree in Des Moines County"; and (3) the fact that Lincoln was uncooperative with the officers searching his house for stolen items. Lincoln neither objected to the inclusion in the presentence investigation report of his Des Moines County fifth-degree theft conviction nor challenged the district court's reliance on it at sentencing. Lincoln did not appeal his conviction or sentence.

On April 3, 2015, after Lincoln had filed his application for PCR, but before his appointed PCR counsel had amended the petition, the Iowa Supreme Court decided *State v. Young*, 863 N.W.2d 249 (Iowa 2015). In *Young*, the court held that, under the Iowa Constitution, an indigent person "has a right to appointed counsel [in misdemeanor cases] when a statute authorizes imprisonment unless the defendant validly waives that right." 863 N.W.2d at 258. The court continued, if there was no valid waiver of counsel, "it would be fundamentally unfair under the due process clause of the Iowa Constitution to use that prior conviction to enhance [a] later crime." *Id.*[1]

## II. Postconviction Relief Proceedings.

On January 15, 2016, Lincoln filed a pro se application for postconviction relief pursuant to Iowa Code section 822 (2016). The district court appointed counsel, who amended the application. In his amended application, Lincoln argued that his trial counsel's assistance was ineffective under both the Sixth Amendment of the United States Constitution and article I, section 10 of the Iowa

---

[1] By citing *Young*, we are not acknowledging that the case stands for the legal proposition Lincoln espouses in this appeal, that an uncounseled conviction cannot be a sentencing factor in denying a requested deferred judgment.

Constitution, and that counsel's failures led him to plead guilty. Lincoln asserted that his trial counsel breached an essential duty by (1) failing to "follow up on investigative leads that would have proven his innocence" and (2) neglecting to uncover and "present all mitigating information to the Court in support of [Lincoln's] request for a deferred judgment."

The parties agreed to submit the PCR case on a stipulated record and asked the court to take judicial notice of the underlying criminal case, FECR007964—the theft in the second degree. On January 23, 2018, the district court denied Lincoln's PCR application in a written order.

## III. Discussion.

Lincoln raises for the first time in this appeal that his PCR counsel was ineffective for failing to investigate and uncover that his Des Moines County fifth-degree theft conviction was without counsel and for failing to raise that his criminal trial attorney provided ineffective representation for not challenging the sentencing court's reliance on that conviction to deny his request for a deferred judgment. Relying upon *Young*, Lincoln here contends that an uncounseled misdemeanor conviction cannot be used as a basis for denying a defendant a deferred judgment.

We cannot reach the merits of Lincoln's argument because the facts supporting his claim—that Lincoln did not have or validly waive counsel in the prior case—are not in the record. *See Goode v. State*, 920 N.W.2d 520, 526–27 (Iowa 2018). Because Lincoln did not raise this issue in any form below, we cannot determine whether his "right to counsel attached in his prior misdemeanor case[], whether he was afforded the right to counsel in his prior misdemeanor case[], or whether he waived his right to counsel in his prior misdemeanor case[]." *See, e.g.,*

*State v. Owens*, No. 14-2089, 2016 WL 146458, at *1 (Iowa Ct. App. Jan 13, 2016) (declining to rule on the defendant's *Young* argument where "[t]he defendant did not raise th[e] issue in the district court in any fashion"); *see also State v. Majeres*, 722 N.W.2d 179, 182 (Iowa 2006) ("It is the defendant's burden to prove he or she did not competently and intelligently waive the right to counsel when collaterally attacking a prior uncounseled conviction."); *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Lincoln recognizes that the facts on which his argument depends are not in the record before us and asks this court to take judicial notice of his Des Moines County misdemeanor file. This we are not permitted to do. *See State v. Washington*, 832 N.W.2d 650, 655–56 (Iowa 2013) ("However, the general rule is that it is not proper for the court to consider or take judicial notice of the records of the same court in a different proceeding without an agreement of the parties." (citation omitted)). There is no agreement that this court take judicial notice of the Des Moines County misdemeanor file. It is also unclear whether that file will disclose whether Lincoln was unrepresented when he was convicted of the fifth-degree theft charge.

## IV. Conclusion.

For these reasons, we must affirm the district court's denial of postconviction relief. Should Lincoln wish to reassert his claim supported by an appropriate record it must be "filed as a separate application in district court." *See Goode*, 920 N.W.2d at 526–27 (holding that the court does not "remand claims of

ineffective assistance of postconviction counsel raised for the first time on appeal

to the district court to hear and decide").

**AFFIRMED.**