**IN THE COURT OF APPEALS OF IOWA**

No. 23-0809
Filed February 7, 2024

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**ARICO JYDARIUS JOHNSON,**
  Defendant-Appellant.
_____

  Appeal from the Iowa District Court for Polk County, Tabitha Turner, District

Associate Judge.


  A criminal defendant attempts to appeal his guilty plea.   **APPEAL**

**DISMISSED.**


  Christopher Kragnes Sr., Des Moines, for appellant.

  Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney

General, for appellee.


  Considered by Greer, P.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

Arico Johnson strangled and assaulted his girlfriend, who was then pregnant with his child. Johnson was arrested and the Polk County Attorney charged him with harassment in the first degree, an aggravated misdemeanor in violation of Iowa Code section 708.7(1)(b) (2021), and domestic abuse assault—strangulation, an aggravated misdemeanor in violation of section 708.2A(2)(d).

Johnson pled guilty in writing to the strangulation charge. In the written plea, Johnson waived his right to be personally present at the plea or sentencing. In an unreported proceeding, the court accepted Johnson's plea and sentenced him to two years in prison with all but two days suspended. The first page of the sentencing order indicated no parties appeared personally, while the last page indicated Johnson "was personally served" with the sentencing order. The no-contact order issued the same date and time also indicated Johnson was personally served by the court.

In his opening brief, Johnson appeared to raise an issue alleging his waiver of presence was unknowing, involuntary, or unintelligent. The State responded accordingly in its brief. But in reply, Johnson asserts the State "fail[ed] to grasp the argument," and he concedes he "clearly waived his presence in his guilty plea form." We take Johnson at his word that reading his brief to raise a waiver challenge would misunderstand his argument.[1]

---

[1] Even if we chose to decide the issue Johnson disclaimed, we would affirm. Johnson does not claim the waiver failed to comply with the rules of criminal procedure, and "[a]n in-court colloquy is not necessary to ensure the waiver was voluntary, knowing, and intelligent." *State v. Majeres*, 722 N.W.2d 179, 182–83 (Iowa 2006). "A written guilty plea containing such a waiver is prima facie evidence the defendant gave the waiver voluntarily, knowingly, and intelligently." *Id.* at 183.

We proceed to the issue Johnson insists he adequately raised, concerning whether the inconsistent references to personal presence "created a very confusing situation" and could lead to future problems if he violates the orders. In other words, Johnson is worried about something that might happen someday but has not happened yet.

The General Assembly has limited guilty-plea appeals, other than for class "A" felonies, to cases in which "the defendant establishes good cause." Iowa Code § 814.6(1)(a)(3). "Good cause" means "legally sufficient reason." *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020) (citation omitted). And "legally sufficient reason" means "a reason that would allow a court to provide some relief." *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021).

Johnson wants us to clarify arguably ambiguous orders because he might have problems in the future. But our appellate courts do not decide hypothetical future cases; we only decide ripe cases. "A case is ripe for adjudication when it presents an actual, present controversy, as opposed to one that is merely hypothetical or speculative." *State v. Tripp*, 776 N.W.2d 855, 859 (Iowa 2010). We conclude Johnson's challenge is not ripe.

Because we cannot provide relief and do not decide unripe controversies, Johnson has not established good cause, and we dismiss this attempted guilty-plea appeal.

**APPEAL DISMISSED.**