# IN THE COURT OF APPEALS OF IOWA

No. 23-1757
Filed July 24, 2024

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**DEMETRIUS XAZIVER WILSON,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Wapello County, Kirk Daily, Judge.

     A defendant appeals his conviction for possession of a controlled substance with intent to deliver (marijuana) within one thousand feet of certain real property. **APPEAL DISMISSED.**

     Audra F. Saunders of Wasker, Dorr, Wimmer & Marcouiller, P.C., West Des Moines, for appellant.

     Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

     Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

After plea negotiations, Demetrius Wilson entered a written guilty plea to possession of a controlled substance with intent to deliver (marijuana) within one thousand feet of certain real property, a class "D" felony, in violation of Iowa Code sections 124.401(1)(d) and 124.401A (2023).[1] Maintaining he has good cause for this appeal following his guilty plea or that we should grant discretionary review, Wilson attacks the amended language of Iowa Code section 814.6(1)(a)(3) that existed at the time he entered his plea and at the time of his sentencing, pointing to various constitutional theories. Because we cannot change our supreme court precedent, we decline to consider the constitutional arguments. Addressing what he characterizes as errors and a lack of clarity in the written plea agreement, Wilson asserts his trial counsel was ineffective for allowing him to plead guilty without first establishing a factual basis, that his plea to the felony was not voluntary or intelligent, and that he did not waive his right to be present at a sentencing. We find that we have no jurisdiction to consider his challenge to his guilty plea and dismiss this appeal.

Relevant to his challenges, Wilson points to several places in the written plea agreement that are confusing and unclear. In the preliminary admissions section, Wilson made these conflicting authorizations:

> **E.** I authorize my attorney to appear on my behalf for the ☒ guilty plea only X guilty plea and sentencing.

---

[1] That plea agreement allowed Wilson to plead to a class "D" felony without application of the habitual offender enhancement and required the State to dismiss a drug stamp tax charge and two simple misdemeanors.

And when addressing the penalties, even though Wilson pled guilty to one felony charge, he purportedly checked these boxes:

**A.** I am pleading to a X class "D" felony ☒ aggravated misdemeanor ☐ serious misdemeanor. I understand the court may impose the penalties detailed below:

But without qualification, Wilson agreed the court could rely on the minutes of testimony for further factual basis, asked to be sentenced immediately, waived his right to a hearing in open court for his guilty plea and sentencing, and waived his right of allocution. In two sections of the written guilty plea, Wilson confirmed he was pleading to the class "D" felony charge—once under the description of the offense and again under the "Factual basis" section. A sentencing order followed the filing of the written plea and confirmed that Wilson pled to the class "D" felony charge as spelled out in the factual basis section of the plea agreement and not a misdemeanor charge.

At the onset, Wilson concedes that he does not have a right to appeal from a non-class-"A"-felony conviction to which he pled guilty unless he establishes good cause. *See* Iowa Code § 814.6(1)(a)(3); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020) ("A defendant who pled guilty now must establish good cause to appeal."); *State v. Tucker*, 959 N.W.2d 140, 149 (Iowa 2021) (providing that section 814.6(1)(a)(3) "prohibits those who plead guilty to non-class A offenses from pursuing frivolous appeals as a matter of right."). The burden is on the defendant to demonstrate good cause or, in other words, a "legally sufficient reason" for the appeal. *State v. Treptow*, 960 N.W.2d 98, 108–09 (Iowa 2021) (citation omitted). In the good cause section of his brief—and without any further specifics—Wilson's argument is that "[g]ood cause exists to grant this appeal to

settle the issue of whether the [c]ourt's jurisdiction has been improperly infringed upon." Yet all of the discussion focuses on Wilson's central theme that "[t]he [c]ourt needs to exercise its great authority and protect the rights of every person in this state the right to effective assistance of counsel and the right to Due Process and Equal Protection guaranteed pursuant to United States and Iowa Constitutions." But we must follow our supreme court precedent. *Tucker*, 959 N.W.2d at 151–53 (addressing and dismissing a separation-of-powers claim); *Treptow*, 960 N.W.2d at 106–08 (addressing and dismissing due process and equal protection claims). Therefore, Wilson's constitutional arguments have been foreclosed by our supreme court. We do not address the constitutional challenges further.

Beyond that discussion, if Wilson can establish good cause by other means, such that there is a "legally sufficient reason" that would afford him relief from his plea, we have jurisdiction to hear his appeal. *See Damme,* 944 N.W.2d at 104–05. A legally sufficient reason to appeal is a reason that, at minimum, would allow a court to provide some relief on direct appeal. *Tucker,* 959 N.W.2d at 153. Wilson makes several attempts to show good cause, but each results in a strike out. On one attempt, Wilson takes issue with the effectiveness of his counsel, arguing that because no one established a factual basis for his written plea, his counsel should not have allowed him to plead guilty. But section 814.7 prevents us from deciding claims of ineffective assistance of criminal counsel on a direct appeal, so—even if his claim has merit—we cannot provide Wilson relief through this claim. *See State v. Rutherford*, 997 N.W.2d 142, 147–48 (Iowa 2023); *Treptow*, 960 N.W.2d at 109 ("[T]his court is without authority to decide ineffective-assistance-of-counsel claims

on direct appeal."). Thus, Wilson cannot establish good cause to a direct appeal on this basis.

On the next attempt, Wilson maintains his plea was not made voluntarily and intelligently. But here, Wilson again strikes out. Because he did not challenge his guilty plea through a motion in arrest of judgment, Wilson is precluded from challenging his plea or obtaining relief on appeal. *See* Iowa R. Crim. P. 2.24(3)(a)(2) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *Rutherford*, 997 N.W.2d at 148 (stating that "as long as a defendant is adequately informed of the need to file a motion in arrest of judgment and the consequences for failing to do so" we cannot review his claim on direct appeal); *accord Tucker*, 959 N.W.2d at 153 (recognizing the defendant's failure to file a motion in arrest of judgment precludes appellate relief, so the defendant does not have good cause to challenge his guilty plea). Thus, Wilson does not have good cause for this challenge on direct appeal either.

On his final attempt for relief, Wilson argues he did not waive his right to an in-person sentencing hearing. Yet, in the same written guilty plea, Wilson asked the court to sentence him immediately and waived his "right to a hearing in open court for [his] guilty plea and sentencing." Mirroring this request, the State asked that the court proceed "to sentencing without the presence of the parties or making of a record." Iowa R. Crim. P. 2.27(3)(c). "'[W]aiver' is 'the intentional relinquishment of a known right.'" *State v. Emanuel*, 967 N.W.2d 63, 69 (Iowa Ct. App. 2021) (citation omitted). And, "[a] written guilty plea containing such a waiver

is prima facie evidence the defendant gave the waiver voluntarily, knowingly, and intelligently." *State v. Majeres*, 722 N.W.2d 179, 183 (Iowa 2006).

To support this challenge, Wilson points to the checked boxes that both "authoriz[ed] [his] attorney to appear on [his] behalf for the" "guilty plea only" and for the "guilty plea and sentencing." We agree with the State that Wilson's clear request for immediate sentencing following his written guilty plea and waiver of right to challenge his guilty plea, delay sentencing, use a PSI, have a hearing in open court for both the plea and sentencing, and of allocation resolve any resulting ambiguity that comes from the written plea agreement. Unlike the two checked boxes for his attorney to appear on his behalf, Wilson exclusively selected the box indicating that he was "waiving [his] right to a hearing in open court for [his] guilty plea and sentencing" over the other boxes he could have checked, which allowed waiver of "[his] right to a hearing in open court for [his] guilty plea but" requested to either appear for sentencing "by interactive audiovisual system" or "in person in open court." We agree that the plea form is not as precise as it could have been, but we look to the full document and note that Wilson clearly waived his right to a hearing in open court for his guilty plea and sentencing. *See State v. Mann*, No. 15-0696, 2016 WL 3269705, at *3 (Iowa Ct. App. June 15, 2016) (reconciling the various paragraphs of the plea agreement that were unchecked with those checked). Because there is no relief for Wilson to obtain in this instance, he also cannot rely on this claim to establish good cause for his appeal.

Without dispute, Wilson did not file a motion in arrest of judgment following his written guilty plea.[2] Finding there is no legally sufficient reason that would allow a court to provide some relief on direct appeal, Wilson has failed to establish that he has good cause for this appeal. And because Wilson has failed to establish good cause, we have "no jurisdiction, and the appeal must be dismissed." *Rutherford*, 997 N.W.2d at 144.[3]

**APPEAL DISMISSED.**

---

[2] Wilson did file various letters to his attorney and the court following sentencing. However, as Wilson was represented by counsel at that time, we do not consider them. *See* Iowa Code § 814.6A(1) ("[A] defendant who is currently represented by counsel shall not file any pro se document, including a brief, reply brief, or motion, in any Iowa court. The court shall not consider, and opposing counsel shall not respond to, such pro se filings.").

[3] In the alternative, Wilson asks us to take this case on discretionary review. Discretionary review is possible from "[a]n order raising a question of law important to the judiciary and the profession." Iowa Code § 814.6(2)(e). We exercise our discretion not to do so because Wilson has already been accorded substantial justice and in the interest of judicial restraint. *See* Iowa R. App. P. 6.106(2) (allowing for discretionary review when substantial justice has not been accorded the applicant); *State v. Patterson*, 984 N.W2d 449, 454 (Iowa 2023) (declining to grant discretionary review in an appeal of a simple misdemeanor, citing to judicial restraint).