# IN THE COURT OF APPEALS OF IOWA

---

No. 24-0696
Filed January 28, 2026

---

**State of Iowa,**
Plaintiff–Appellee,
v.
**Kenneth Madison,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Polk County,
The Honorable Paul D. Scott, Judge.

---

**APPEAL DISMISSED**

---

Jesse A. Macro Jr. of Macro Law, LLP, Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

After pleading guilty to charges of domestic abuse assault, third or subsequent offense, as a habitual offender,[1] a class "D" felony, and two counts of child endangerment, aggravated misdemeanors, Kenneth Madison filed a pro se motion in arrest of judgment, along with other filings. Proceeding as a self-represented party during the post-plea proceedings, Madison addressed the motion in arrest of judgment. Madison's core argument was that his previous simple misdemeanor conviction for domestic abuse assault should not be counted as a predicate conviction to support the claim it was a third offense because he was not represented by an attorney during that proceeding. The district court took it up before sentencing and found that because Madison chose to waive counsel on the date he pled guilty to the simple misdemeanor domestic abuse assault charge, "the prior uncounseled plea to a misdemeanor that resulted in incarceration may be used to enhance the offense in the present criminal proceeding." *State v. Majeres*, 722 N.W.2d 179, 183 (Iowa 2006). Madison appeals the denial of his motion in arrest of judgment.

Turning to his position on appeal, Madison claims that the district court improperly denied his motion in arrest of judgment because, when the legislature eliminated the look-back period for prior offenses of domestic abuse assault under Iowa Code section 708.2A[2] in determining if a violation

---

[1] In the plea proceeding, Madison admitted to being convicted of two previous felonies and to a simple misdemeanor for domestic abuse assault.

[2] This Iowa Code section addresses domestic abuse assault convictions and the application of mandatory minimums, enhancement penalties, and the extension of no contact orders.

is a second or subsequent offense, it violated ex post facto principles.[3]  But, this is a challenge made for the first time on appeal and thus is not preserved for our review.  *See State v. Chawech*, 15 N.W.3d 78, 83 (Iowa 2024) ("Because we are error-correction courts, we generally don't decide issues for the first time.  Rather, we usually decide only those issues that were (1) properly raised in the district court and (2) ruled on by the district court.").

Madison's convictions did not involve class "A" felonies, so he has a right to appeal from his guilty plea only if he can establish good cause.[4]  Our supreme court has clarified that "good cause" means a "legally sufficient reason," which "is a reason that, at minimum, would allow a court to provide some relief on direct appeal."  *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021).  And while Madison did file a motion in arrest of judgment,[5] the district court did not rule on the issue Madison asks us to now consider.  Because of his failure to preserve error, we cannot afford any form of relief on appeal.  In sum, Madison does not have good cause to appeal; so we dismiss his appeal.  *State v. Schroeder*, No. 24-1547, 2025 WL 1089810, at *1

---

[3] We review a district court's denial of a motion in arrest of judgment for an abuse of discretion.  *See State v. Petty*, 925 N.W.2d 190, 194 (Iowa 2019).

[4] "[W]e generally lack jurisdiction over direct appeals from guilty pleas."  *State v. Rutherford*, 997 N.W.2d 142, 145 (Iowa 2023).  Iowa Code section 814.6 limits the right to appeal from a guilty plea to those who enter "a guilty plea for a class 'A' felony or in a case where the defendant establishes good cause."  Iowa Code § 814.6(1)(a)(3) (2024).  Thus, Madison must establish good cause to appeal.  But, "[i]f good cause is lacking, the court has no jurisdiction, and the appeal must be dismissed."  *Rutherford*, 997 N.W.2d at 144.

[5] Discretionary review of a guilty plea may be available when a motion in arrest is denied.  Iowa Code § 814.6(2)(f).

(Iowa Ct. App. Apr. 9, 2025) (finding no good cause for appeal from a guilty plea where the defendant's only alleged error was unpreserved).

**APPEAL DISMISSED.**