# IN THE COURT OF APPEALS OF IOWA

No. 22-0418
Filed August 30, 2023

**TIAMO LEROY BLACKCLOUD,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Linn County, Andrew B. Chappell,

Judge.

    The applicant appeals the dismissal of his application for postconviction

relief as untimely. **AFFIRMED.**

    Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

    Brenna Bird, Attorney General, and Thomas E. Bakke and Zachary Miller,

Assistant Attorneys General, for appellee State.

    Considered by Bower, C.J., and Tabor and Greer, JJ.

**GREER, Judge.**

Facing charges in two different cases in 2010,[1] Tiamo Blackcloud maintains that he understood the plea agreement required him to plead guilty to the charge of operating without the owner's consent and that the domestic abuse assault charge would be dismissed. But, he claims that in 2016, he learned that he actually pled guilty to one count of domestic abuse assault. In August 2016, Blackcloud applied for postconviction relief (PCR), more than six years after signing the waiver of rights and plea of guilty and after judgment was entered against him. In that application, he claimed his plea was entered in error and so his plea was not given knowingly, intelligently and voluntarily. The PCR court dismissed the application as untimely.

On appeal, Blackcloud challenges the dismissal, arguing that (1) the application was not timed-barred because he only recently learned of the alleged error in his guilty plea and (2) he should succeed on the merits because the guilty plea was not knowing, voluntary, and intelligent. Because Blackcloud's application was filed after the statute of limitations expired and he failed to raise a ground of fact or law that could not have been raised during the three-year period following his conviction, his application is time-barred and we affirm the decision of the PCR court to dismiss the application.

---

[1] In FECR086930, Blackcloud was charged with domestic abuse assault, third or subsequent offense, a class "D" felony. And in AGCR087803, Blackcloud was charged with operating a vehicle without owner's consent and driving while barred, both aggravated misdemeanors. The written waiver of rights and plea of guilty was filed in FECR086930.

**I. Background Facts and Proceedings.**

In April 2010, Blackcloud entered into a plea agreement to resolve charges in FECR086930 and AGCR087803. In the handwritten waiver of rights and plea of guilty that Blackcloud signed, he agreed to plead guilty to one aggravated-misdemeanor count of domestic abuse assault in exchange for a dismissal of two aggravated-misdemeanor counts: (1) operating a vehicle without owner's consent and (2) driving while barred. In two locations, the waiver of rights and plea of guilty detailed that the guilty plea was for "Assault (Domestic Abuse) (Penalty Enhanced)" and listed the relevant sections of the Iowa Code.[2] The same document also contained a reference to a no-contact order between Blackcloud and the victim of domestic violence and contained the case number for the domestic abuse assault case at the top.

Following the acceptance of the plea agreement, the district court filed a sentencing order that stated Blackcloud "filed a written plea of guilty to the lesser included offense charged in the trial information, to wit: domestic abuse assault— penalty enhanced (aggravated misdemeanor), in violation of Iowa Code Section(s) 708.1 and 708.2(2)(c)." Blackcloud did not appeal the conviction. In a nunc pro tunc order issued in response to Blackcloud's motion to reconsider sentence in mid-June 2010, the court reiterated the need for Blackcloud to complete the June 2010 batterer's education program. The jail administrator requested a sentence reduction on Blackcloud's behalf later in June of 2010, and that request stated that Blackcloud was serving a sentence for "a charge of Assault D/A PE." In addition,

---

[2] The code sections are Iowa Code sections 708.1 and 708.2A(2)(c) (2010).

the State applied for revocation of Blackcloud's probation in October of 2010 under the domestic abuse assault case number.

Six years later, in August of 2016, Blackcloud filed this PCR application. Following an evidentiary hearing, the PCR court dismissed Blackcloud's application as time-barred. Blackcloud now appeals.

**II. Standard of Review.**

We review both a statute-of-limitations defense and a district court's dismissal of a PCR application for correction of errors of law. *Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020); *see also Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018) ("Generally, an appeal from a denial of an application for [PCR] is reviewed for correction of errors at law." (citation omitted)). Under this standard of review, "we will affirm if the [PCR] court's findings of fact are supported by substantial evidence and the law was correctly applied." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003).

**III. Discussion.**

Here, Blackcloud asks us to conclude that (1) his PCR application, although filed six years after his conviction, is not barred by the three-year statute of limitations because it raises a ground of fact or law that could not have been raised within the limitations period and (2) because he did not read the waiver of rights and plea of guilty, that his guilty plea was not knowing, voluntary, and intelligent, and for that reason, invalid. Blackcloud's argument hinges on the claim that although he signed the waiver or rights and plea of guilty in April 2010, he did not read it prior to signing. Therefore, he asks us to conclude that, despite other opportunities to confirm the charge, when Blackcloud supposedly learned that he

was convicted of aggravated misdemeanor domestic abuse assault in 2016, that new awareness supports a ground-of-fact exception to the three-year statute of limitations for PCR applications. And if he succeeds in overcoming the procedural hurdle, then he asks us to rely on his supposed lack of awareness as to the charge to which he pled guilty to conclude his plea was invalid because it was not knowingly, intelligently, and voluntarily given.

Under the statute of limitations, PCR "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2016). Here, there is no doubt that Blackcloud failed to file his PCR application before the three-year deadline passed, as Blackcloud's conviction was final in 2010 and he filed his PCR application in 2016. So unless an exception to the statute of limitations applies, Blackcloud's application is untimely.

Blackcloud points to an exception to the three-year limitation for an application and contends he raised "a ground of fact or law that could not have been raised within the applicable time period." *Id.* "The onus is on the applicant" asking for PCR outside the statute of limitations to "meet the 'obvious requirement' that he or she could not have raised the ground of fact within the limitations period." *Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018) (quoting *Harrington*, 659 N.W.2d at 515, 520). To successfully overcome the PCR statute of limitations based on a ground of fact or law, the applicant must both "show he or she could not have

raised the ground of fact within the applicable time period" and that the ground of fact or law used to challenge the conviction is relevant.[3]

Blackcloud's claim that he only recently learned he pled guilty to domestic abuse assault and, therefore, could not have brought his claim about the knowing and voluntariness of his plea before the statute of limitations expired fails for several reasons. First, even if Blackcloud truly did not read the waiver of rights and plea of guilty before he signed it, his signature is sufficient to demonstrate knowledge of the charge to which he was pleading guilty. *See State v. Majeres*, 722 N.W.2d 179, 182–83 (Iowa 2006) (finding that a written and signed guilty plea waiving the right to counsel and presence in court "is prima facie evidence the defendant gave the waiver voluntarily, knowingly, and intelligently"); *State v. Liddell*, 672 N.W.2d 805, 811 (Iowa 2003) (identifying the same for a written and signed waiver of the right to a jury trial); *State v. Sutton*, 853 N.W.2d 284, 288–93 (Iowa Ct. App. 2014) (holding that a signed written guilty plea was voluntary and intelligent even without an in-court colloquy by the defendant). More directly, "the requirement that a defendant understand '[t]he nature of the charge to which the plea is offered' *can* be satisfied by a written guilty plea." *Sutton*, 853 N.W.2d at 294 (alteration in original).

Second, even if we did not impute knowledge of the charge to which he pled guilty to Blackcloud, there was substantial evidence for the PCR court to conclude

---

[3] In this context, "relevant" means "the type of fact 'that has the potential to qualify as material evidence for purposes of a substantive claim under section 822.2.'" *Schmidt v. State*, 909 N.W.2d 778, 798–99 (Iowa 2018) (citation omitted). Because we conclude that Blackcloud's application is barred by the statute of limitations, we do not address the relevance of Blackcloud's asserted ground of fact here.

that Blackcloud had actual knowledge of the aggravated misdemeanor domestic assault conviction. At the PCR hearing, Blackcloud admitted that he discussed the guilty-plea form with his attorney prior to signing it and was able to ask her questions. Beyond discussions with his attorney, to have actually learned of the charge, Blackcloud may have reviewed the sentencing order, the no-contact order, the nunc pro tunc order, the batterer's education program form, the request for a sentence reduction, or the application for revocation of probation, all of which contained the domestic abuse assault charge and case number.[4]

In addition, the PCR court found credible the testimony of Blackcloud's attorney that she always reviewed plea offers with clients prior to their signature, that she would not have told Blackcloud that he was pleading to the operating a motor vehicle without owner's consent while the waiver of rights and guilty plea listed domestic abuse assault twice, and that the State was unwilling to drop the domestic abuse assault charge. Noteworthy, Blackcloud testified his attorney through the plea process was one of the best attorneys he had ever had and always explained things to him thoroughly. Supporting that statement, Blackcloud's attorney also testified and gave specific details about her representation and that she could not understand how he would have been under any misimpression as she explained the plea agreement in detail. And, the court found "[s]he spoke matter of factly and without hesitation. She did not waiver in her recollection." *See Ledezma v. State,* 626 N.W.2d 134, 141 (Iowa 2001) (noting we give weight to the district court's findings concerning witness credibility).

---

[4] These documents were both shared with Blackcloud and were filed between Blackcloud's conviction and the expiration of the statute of limitations.

Third, Blackcloud would have learned about the conviction through the exercise of due diligence, as he had ample opportunity to learn about the charge both before entering his plea and during the three-year window that followed. The responsibility to exercise due diligence falls on the applicant. *Schmidt*, 909 N.W.2d at 799 (explaining that an applicant must prove that they could not have discovered the evidence even through the exercise of due diligence for the ground-of-fact-or-law exception to properly apply); *Moon*, 911 N.W.2d at 152 (stating that diligence means that reasonable effort was made on the part of the applicant); *see also Quinn v. State*, 954 N.W.2d 75, 76–77 (Iowa Ct. App. 2020) (adding that evidence that was available to an applicant and could have been discovered through the exercise of due diligence does not support a ground-of-fact-or-law exception). An applicant cannot assert ignorance of a fact that he or she would have at least been alerted to during the statutory period as support for a ground-of-fact-or-law exception. *Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994).

Blackcloud's testimony at the PCR hearing that he did not know, after all that time, that he had pled guilty to domestic abuse assault rather than operating a vehicle without owner's consent does not overcome the sheer volume of information to the contrary, nor does it relieve him of the obligation to exercise due diligence in learning the charge to which he pled guilty. In addition, the assertion does not defeat the assumption that by signing the written waiver of rights and plea of guilty, Blackcloud was at the very least alerted to the charge underlying the conviction.

Blackcloud failed to show he could not have raised the ground of fact within the applicable time period; we conclude his claim fails in three separate ways:

(1) because of Blackcloud's signature on the written waiver of rights and plea of guilty, we impute knowledge of the charge to him; (2) actual knowledge of the charge, as found by the PCR court; and (3) even if he never learned of the actual charge before 2016, Blackcloud would have learned of the charge with the exercise of due diligence—his failure to do so prevents him from relying on the ground-of-fact exception. For these reasons, no exception to the statute of limitations applies and his application was untimely. As that resolves his appeal, we do not reach the merits on his substantive claim about whether his plea was knowing, voluntary, and intelligent.

**IV. Conclusion.**

Blackcloud failed to file his PCR application during the three-year period following his conviction and he failed to prove a ground-of-fact exception to overcome the untimeliness. For these reasons, Blackcloud's application is barred by the statute of limitations, and we affirm the PCR court's dismissal of Blackcloud's application.

**AFFIRMED.**